## McKINNEY v. UNITED STATES.
### No. 11910.

United States Court of Appeals
Ninth Circuit.

Feb. 15, 1949.

Joseph Cecil McKinney, in pro. per., and Charlotte Hunter, of Reno, Nev., for appellant.

Miles N. Pike, U. S. Atty., and Bruce R. Thompson and Wm. J. Kane, Asst. U. S. Attys., all of Reno, Nev., for appellee.

Before DENMAN, Chief Judge, ORR, Circuit Judge, and BLACK, District Judge.

BLACK, District Judge.

The appellant was convicted after trial before a jury upon each of two counts of an information charging unlawful possession and concealment with intent to defraud of a certain falsely altered obligation of the United States, to-wit: split Federal Reserve notes, the first count referring to a split fifty dollar note and the second count to a split twenty dollar note, each count charging that the respective "note had been split by separating the face or front from the back or reverse side thereof."

From a judgment of conviction on both counts and identical sentences to run concurrently this appeal was taken.

Each count in the information charged a violation of 18 U.S.C.A. § 265. (§ 265 has since been revised, effective September 1, 1948, as § 472, Title 18 of New Criminal Code.)

The appellant in this appeal designated thirteen alleged errors under "Specification of Errors" in his opening brief but the argument confined itself to only three, as follows: "1. The Information was fatally defective in that it omitted a material allegation. 2. Conviction, based on Information, was improper. 3. The Verdict was not supported by the evidence."

The appellant in the trial court chose to represent himself and in the district court made no objections to the information or rulings of the court. On this appeal by appointment of the trial judge appellant has had an attorney to assist and counsel him.

■ The second error above-mentioned that the "Conviction, based on Information, was improper" is urged despite the fact that the appellant in open court in compliance with Rule 7(b) Federal Rules of Criminal Procedure, 18 U.S.C.A., signed a written waiver of indictment and consent to the proceeding being by information after he had in open court been advised of the nature of the charge and of his rights. Such specification of error is therefore without merit and requires no further consideration.

Under the first specification of error argued appellant contends that the information was fatally defective in that there was no averment in either count that the appellant knew of the altered condition of the notes in question. He depends upon Hill v. U. S., 7 Cir., 275 F. 187 and United States v. Carll, 105 U.S. 611, 26 L.Ed. 1135.

The government's position is that each of said cases is definitely distinguishable on the facts from this one. It contends that both counts before us charge offenses in the language of the section violated, and that each count is in full compliance with the provisions of Rule 7(c) Federal Rules of Criminal Procedure. As to United States v. Carll, supra, the government urges that such case was decided in 1882 and that the offense under the statute then under consideration was similar to the common law offense of uttering a forged or counterfeit bill while the offenses of possession in the instant case are purely statutory. In such connection the government cites United States v. Balint et al., 258 U.S. 250, 42 S.Ct. 301, 66 L.Ed. 604; United States v. Behrman, 258 U.S. 280, 42 S.Ct. 303, 66 L.Ed. 619; United States v. Combs, D.C., 73 F.Supp. 813, decided in 1947.

In the instant case this instruction was given:

"The jury must find beyond a reasonable doubt that the defendant kept such described altered security in his possession with knowledge of its character and with intent to defraud."

Moreover, the appellant himself in his testimony not only conceded but actually asserted that he had such knowledge.

■ A reading of 18 U.S.C.A. § 265 discloses several alternative methods of violating such statute. One is with intent to defraud to keep in possession any such altered obligation. While each count of the information charged the appellant with such possession with intent to defraud each also in addition charged intent to pass. A conviction based upon an indictment charging possession with "intent to defraud" and without any charge of "intent to pass" was sustained in Smith v. U. S., 5 Cir., 74 F.2d 941. The additional language in the information before us of "and with intent to pass" is clearly surplusage. The court's instructions eliminated such

surplusage so that the jury's verdict definitely determined that the appellant had possession of the split notes with intent to defraud.

The government quite persuasively suggests that "intent to defraud" is a comprehensive term and included charge of knowledge on the part of appellant of the character of the split notes. It is not only difficult but seemingly impossible to realistically conceive a situation where knowledge of alteration would not be part of a fraudulent intent with respect to possession of separated fronts and backs of fifty and twenty dollar notes. The Supreme Court in United States v. Carll, supra, in 1882 in substance merely found under the statute then before it that the words "with intent to defraud" were not sufficient to include "knowledge" of the counterfeit character of an intact bill which had sufficient appearance of genuineness to make attempt to pass feasible. Likewise in Hill v. United States, supra, the counterfeit bill involved was intact and whole although spurious.

 Under the spirit as well as the letter of the new criminal rules this court should view the charge of possession of separated fronts and backs of bills with intent to defraud with common sense appreciation of the realities. The possession of such a split note with intent to defraud necessarily carries with it knowledge that it was split. In any event a failure to specifically charge knowledge as to such split bills, where intent to defraud accompanied possession, if error, was clearly one "which does not affect substantial rights." Rule 52(a) Fed. Rules Crim. Proc., states such an "error * * * shall be disregarded."

 The third specification of error argued by appellant is that the verdict was not supported by the evidence. Under the evidence the appellant on the date charged was taken into custody by the officers who found him in possession of a fifty dollar note and a twenty dollar note split as charged in the information. Also in his possession and concealed in a Kleenex box were one thousand new one dollar bills. The manner in which he gained possession of the funds which he had changed to new

dollar bills, while certainly not to appellant's credit, is unnecessary of discussion here. Under the evidence appellant, from past experience and acquaintance with counterfeiting operations, knew how to split notes or bills and knew that each front and each back could be used in raising new one dollar bills, after they were bleached, to apparent facsimiles of the split front and back segments of the larger notes or bills. Under the evidence only new bills were practically suitable for being raised by the process explained to the jury. The government submitted testimony that no photographic apparatus was necessary nor any photographic experience other than the particular counterfeiting knowledge which under the evidence the jury was well warranted in finding appellant had.

Appellant testified that he had planned to use the split fifty and twenty dollar notes and the thousand new one dollar bills to plant evidence upon a certain Harris. He testified his intention was thereby to coerce Harris by danger of conviction into returning some ten thousand dollars which appellant in an involved story to the jury contended Harris had stolen from him.

The appellant's interesting contention is that while such would have been enough to convict Harris that it was not enough to convict appellant. His argument is that Harris was a photographer and that he was not. But as stated above, there was substantial evidence before the jury that one did not have to be a photographer to use split notes to "raise" new dollar bills.

The combined possession of split notes and a large number of new dollar bills, abundantly justified inference by the jury of fraudulent intent on appellant's part to himself use the split notes to "raise" new dollar bills. The evidence was clearly sufficient to support the verdict.

 In addition to the foregoing alleged errors argued by appellant's brief we have also considered the unargued specifications of error. Most of them fall by what has already been said. None of them have merit. For instance, appellant claimed therein that the trial judge erred for not, on the court's own motion, striking from

the evidence all mention of a certain gun which had been the initial reason for appellant's arrest. Actually the trial judge endeavored to keep mention of it out of the case but appellant himself on cross examination of the government's first witness persisted in repetitious specific inquiries thereto.

The instructions given, taken as a whole, fairly protected the rights of appellant and adequately advised the jury of the issues before them. After the trial and verdict appellant informed the court, "Well, Judge, Your Honor, I had a hundred percent fair trial." It was only after imposition of sentence, which, while far less than it might have been, was more than he had hoped it would be, that he had any complaint as to the rulings of the court.

We find the appellant had a fair trial, free from prejudicial error. The judgment below is affirmed.