## UNITED STATES v. JONES.
### No. 9856.

United States Court of Appeals
Seventh Circuit.

Oct. 21, 1949.

William J. Obermiller, Hammond, Indiana, for appellant.

James E. Keating, Asst. U. S. Atty., South Bend, Indiana, Gilmore S. Haynie, U. S. Atty., Fort Wayne, Indiana, Walter J. Keckich, Asst. U. S. Atty., Hammond, Indiana, for appellee.

Before MAJOR, Chief Judge, KERNER, Circuit Judge, and LINDLEY, District Judge.

KERNER, Circuit Judge.

This is an appeal from an order denying, after a hearing, a petition filed pursuant to 28 U.S.C.A. § 2255 to vacate and set aside a judgment of conviction and a sentence of nine years, imposed by the District Court on June 25, 1948 in a case charging petitioner by information in four counts with falsely impersonating a United States officer, in violation of 18 U.S.C.A. § 76 [now § 912].

In his petition Jones alleged that he did not waive indictment by grand jury; that he was never fully informed of his rights, and that when he signed the waiver of indictment he was under the impression

it was a paper calling for a speedy trial; that the waiver was not signed in court, but was signed in the St. Joseph County Jail at South Bend, Indiana; that he was told by a special agent of the F.B.I. that "it really didn't make much difference as charges were of such a petty nature undoubtedly after he spoke to the Judge everything would be all right" and that "unless petitioner did sign this so-called waiver petitioner would not be able to see any of his family for perhaps six months or more"; and that he was not allowed counsel of his choice but was forced to accept T. Cleve Stenhouse as his counsel.

At the hearing upon his petition Jones testified that he signed the waiver of indictment in the County Jail, but was not apprised exactly as to what the waiver was; that after he had been taken to jail he talked to an F.B.I. agent who told him that it looked like he was in an awful jam, and showed him a paper which he (Jones) later found was a waiver; that he signed it because the agent said it was a means of a speedy trial. He admitted that in April, 1947 he had written letters to the District Attorney's office dealing with the fact that he was in jail and had been there a long time and wanted to be tried. He recalled writing a letter to Mr. Keating, an assistant United States District Attorney, in which he stated, "I have been in the St. Joseph County Jail for the past three months charged with impersonating a federal employee, and I have been informed that the Grand Jury does not convene until September, and that if I wait to be indicted by the Grand Jury I will have to wait until next September," but did not recall that part of the letter which states: *"In view of this, I would prefer waiving indictment by the Grand Jury and being tried upon information returned against me. This could, no doubt, be done immediately and I would appreciate your effecting this as soon as possible."* (Italics supplied.)

The evidence of the Government consisted of the testimony of four attorneys, a probation officer, a United States deputy marshal, a warden of a county jail, and the testimony of John T. Harrington, a special agent of the F. B. I.

The court found that subsequent to July 10, 1947, and at a time when petitioner was confined in the Lake County Jail at Crown Point, Indiana, under the charges presented by the information and by an indictment for escaping from the St. Joseph County Jail, petitioner employed Mr. T. Cleve Stenhouse to represent him as his attorney; that Stenhouse, prior to petitioner's appearance in the trial of his case upon the information, conferred with petitioner on at least six occasions, and that petitioner was fully informed by his counsel as to the charges and as to the maximum penalty that might be imposed, in the discretion of the court.

The court also found that petitioner on July 3, 1947, while in the St. Joseph County Jail, voluntarily and knowingly signed a written waiver of indictment and consent to be prosecuted by information; that before signing the waiver petitioner consulted with his attorney, and was fully cognizant of the purpose of the waiver and aware of what he was signing; that no representations had been made by the F. B. I. agent as to what sentence petitioner might receive; that petitioner was under no coercion or duress, and no promises had been made to him by any federal officer at or prior to the time the waiver was signed, or at or prior to the time his plea of guilty to the information was entered.

The court also found that at the time of the trial petitioner was represented by Chester L. DuComb and George Sands, attorneys; that these attorneys had prior to the trial consulted with petitioner; and that upon the trial and before arraignment the court inquired of the defendant (petitioner) whether he consented to prosecution by information, and when he answered that he did, the court inquired if he understood his right to be indicted by the grand jury, and his attorney, Mr. Sands, answered: "That's right. He consented to that in writing." We have examined the record and have reached the conclusion that these findings are amply supported by the evidence.

478

█ In the District Court, Mr. Obermiller was appointed to represent Jones. In that court he fully and competently presented the facts, and in this court he has ably argued his client's cause. We appreciate his efforts. Here, however, he no longer insists upon the claims made by Jones in his petition, but relies solely upon the assertion that the court, in the trial upon the information, was without jurisdiction because the "waiver of indictment" provided by subsection (b) of Rule 7, Federal Rules of Criminal Procedure, 18 U.S. C.A., was not signed in open court. In support of his contention he cites White v. Hunter, D. C., 76 F.Supp. 954, and McKinney v. United States, 172 F.2d 781. We are unable to agree that the waiver must be signed in open court, as was held in White v. Hunter, and the McKinney case does not aid petitioner.

In our view the question to be determined is whether Jones understandingly and intelligently waived his right to be indicted by a grand jury, and consented to be prosecuted by information.

There is nothing in Rule 7(b) that says that the "waiver of indictment" must be signed in open court. It provides that "An offense which may be punished by imprisonment for a term exceeding one year * * * may be prosecuted by information if the defendant, after he has been advised of the nature of the charge and of his rights, waives in open court prosecution by indictment."

The right to indictment by a grand jury is a right guaranteed by the Federal Constitution, Amend. 5, but an intelligent accused may waive any constitutional right that is in the nature of a privilege to him, or that is for his personal protection or benefit. Barkman v. Sanford, 5 Cir., 162 F.2d 592, and cases cited therein.

In this case petitioner was advised of his rights and of the nature of the charges brought against him by the information. He voluntarily, intelligently and knowingly signed a written waiver of indictment. He was cognizant of the purpose of the waiver, and in open court, before trial, waived prosecution by indictment and consented to be prosecuted by information. See McKinney v. United States, supra, 172 F.2d 781, 782. Rule 7(b) requires only that the waiver be made in open court. In the situation here appearing, it cannot be said there was a failure of compliance with the rule. On the contrary, we think there was compliance with all the provisions of the subsection, Rawls v. United States, 10 Cir., 162 F.2d 798, 800. It follows that the motion to vacate and set aside the judgment of June 25, 1948 was properly denied.

Affirmed.