## BARNES v. UNITED STATES.

### No. 14497.

United States Court of Appeals
Eighth Circuit.

June 18, 1952.

John R. Green, II, St. Louis, Mo., filed brief for appellant. Appellant, also, filed brief pro se.

Sam M. Wear, U. S. Atty., and Harry F. Murphy, Asst. U. S. Atty., Kansas City, Mo., filed brief for appellee.

Before SANBORN, WOODROUGH, and RIDDICK, Circuit Judges.

SANBORN, Circuit Judge.

This is an appeal from an order denying a motion of the defendant (appellant) to vacate a sentence of two years' imprisonment based upon the third count of an information, to which he had entered a plea

of guilty. The third count charged that "On or about the 15th day of October, 1948, at Kansas City, Missouri, in the Western Judicial District of Missouri, one Harry Sylvester Barnes, alias Ben L. King, Charles F. Williams, did transport and cause to be transported in interstate commerce from Kansas City, Missouri, to Cleveland, Ohio, four (4) falsely made and forged checks in the following amounts respectively: Seventy-Five Dollars ($75.00); Fifty-Five Dollars ($55.00); and Sixty-Five Dollars ($65.00) each."

On November 5, 1948, the defendant and his counsel signed and filed in the District Court a waiver of indictment reading as follows:

"Harry Sylvester Barnes, the above named defendant, who is accused of violating Sections 2312 and 2314, Title 18, U.S.C., being advised of the nature of the charge and of his rights, hereby waives in open court prosecution by indictment and consents that the proceeding may be by information instead of by indictment. Defendant further waives venue and consents to be tried in the Western Division of Missouri at Kansas City, rather than in the Central Division of the Western District of Missouri."

The information, filed on the same day, showed upon its face that it was based upon "Secs. 2312 and 2314, T. 18, U.S.C." The first count charged the defendant with having on October 16, 1948, transported a stolen automobile in interstate commerce, a violation of Section 2312. The second count, like the third count, charged the interstate transportation of falsely made and forged checks. Neither the second nor the third count, however, alleged an unlawful or fraudulent intent on the part of the defendant, or that, in transporting the checks, he knew that they were falsely made or forged.

So far as pertinent, Section 2314, Title 18, U.S.C., provides:

"Whoever, with unlawful or fraudulent intent, transports in interstate or foreign commerce any falsely made, forged, altered, or counterfeited securities, knowing the same to have been falsely made, forged, altered, or counterfeited; * * *

* * * * * *

"Shall be fined not more than $10,000 or imprisoned not more than ten years, or both."

Upon his arraignment on November 5, 1948, the defendant was represented by counsel. No question as to the sufficiency or validity of any count of the information was raised. Counsel for the Government stated what each of the counts charged. Counsel for the defendant then entered a plea of guilty on his behalf. The court said to the defendant, "You are entering a plea of guilty to each of the three counts?" The defendant answered, "Yes, sir."

Counsel for the Government then said: "Defendant was arrested at the LaSalle Hotel in an investigation of some checks and it developed from the investigation that the automobile he had driven from Jacksonville to Kansas City was a stolen motor vehicle and also, when questioned about the checks mentioned in the information, he admitted that he had forged the names of fictitious persons to checks and had passed them and received money from them." Government counsel then pointed out that the defendant had a long criminal record, including convictions for theft and forgery. Counsel for the defendant asked the court to be as lenient as possible. The defendant expressly admitted his previous convictions and that he had passed the checks referred to in the second and third counts of the information. When asked by the court if he understood the nature of the charges alleged in those counts of the information, he stated that he did.

The court, in pronouncing sentence, said: "Let the defendant be sentenced to one year and one day on Count 1, on his plea of guilty; to two years on Counts 2 and 3, on his plea of guilty; to run consecutively, a total of five years." Defendant's counsel asked: "Will your Honor give him any credit for the time he has been confined?" The court said: "No. He is very fortunate that he is only getting five years." Defendant's counsel replied: "I think so. Thank you, your Honor."

■ Counsel who represents the defendant on this appeal has ably briefed and argued the case on his behalf. Counsel's contention is that the second and third counts of the information were fatally defective, that the sentences based upon those counts were therefore void for lack of jurisdiction, and that the defendant, who has already served the sentences under the first and second counts, is now entitled to be released. We agree that the second and third counts of the information were defective, but we cannot agree that they, or either of them, were or are subject to collateral attack or that the court was without jurisdiction to impose the sentence now challenged. This case is ruled by Keto v. United States, 8 Cir., 189 F.2d 247, 251, and Rowley v. United States, 8 Cir., 191 F.2d 949, 951. It is only under exceptional circumstances that the sufficiency of an indictment or information may be made the subject of a collateral attack after conviction. This we have adequately pointed out in the cases cited.

■■ It is clear that the District Court intended that the defendant should be sentenced to five years' imprisonment upon his plea of guilty. If the court, instead of imposing a separate sentence under each count, the sentences to be served consecutively, had imposed a general sentence of five years, or a sentence of five years upon each count, to be served concurrently, the problem presented by this appeal would not have arisen, since the first count of the information would have sustained a general sentence of five years' imprisonment. A general sentence or concurrent sentences based on an indictment or information containing several counts is valid if there are enough good counts in the indictment or information to sustain the combined sentence imposed.[1] We refer to this rule not by way of criticism of the

District Court or because the rule applies to the instant case but merely to call attention to the fact that consecutive sentences not infrequently invite belated collateral attacks upon some of the counts of an indictment or information, while a general sentence or concurrent sentences present less temptation in that regard and are ordinarily equally effective. We think this is a matter which the federal trial courts might well keep in mind in accepting pleas of guilty, particularly to hastily prepared informations in cases where defendants waive indictment and enter such pleas, often in order to escape the clutches of the authorities of the States whose laws the defendants have also violated.

The order appealed from is affirmed.

1. Claassen v. United States, 142 U.S. 140, 146, 12 S.Ct. 169, 35 L.Ed. 966; Evans v. United States, 153 U.S. 584, 595, 14 S.Ct. 934, 38 L.Ed. 830; Evans v. United States, 153 U.S. 608, 14 S.Ct. 939, 38 L.Ed. 839; Selvester v. United States, 170 U.S. 262, 267, 18 S.Ct. 580, 42 L.Ed. 1029; Debs v. United States, 249 U.S. 211, 216, 39 S.Ct. 252, 63 L.Ed. 566; Abrams v. United States, 250 U.S. 616, 619, 40 S.Ct. 17, 63 L.Ed. 1173; Pierce v. United States, 252 U.S. 239, 252–253, 40 S.Ct. 205, 64 L.Ed. 542; Brooks v. United States, 267 U.S. 432, 441, 45 S.Ct. 345, 69 L.Ed. 699; Hirabayashi v. United States, 320 U.S. 81, 85, 63 S.Ct. 1375, 87 L.Ed. 1774; Pinkerton v. United States, 328 U.S. 640, 641–642, 66 S.Ct. 1180, 90 L.Ed. 1489; Gantz v. United States, 8 Cir., 127 F.2d 498, 501, 504.