**COLLINS v. UNITED STATES.**
No. 14994.

United States Court of Appeals
Eighth Circuit.
April 14, 1954.

Rehearing Denied May 4, 1954.

Jesse Collins, pro se.

Harry Richards, U. S. Atty., and Robert C. Tucker, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before SANBORN, THOMAS, and JOHNSEN, Circuit Judges.

SANBORN, Circuit Judge.

This is an appeal from an order denying a motion of Jesse Collins (hereinafter referred to as defendant) for a dismissal of an information to which he had entered a plea of guilty, and for leave to withdraw his plea.

The defendant, after having waived indictment, on March 3, 1950, entered a plea of not guilty to an information in two counts, one of which charged an unlawful sale of narcotics in violation of 26 U.S.C.A. § 2554, and the other the unlawful possession of narcotics in violation of 26 U.S.C.A. § 3224. The defendant was represented by competent and reputable counsel of his own choosing, who stated that the defendant desired to waive trial by jury. The defendant's case was called for trial on May 19, 1950. His counsel stated, in defendant's presence, that the defendant desired to withdraw his plea of not guilty and to enter a plea of guilty. Leave to change the plea was granted, and a plea of guilty was entered. A long discussion then followed relating to the circumstances surrounding the commission of the offenses, the character of the defendant, and the likelihood of his becoming a law-abiding citizen. Counsel for defendant advised the court that he had known him since he was a young boy; that he was honest, worked regularly, supported his wife and three children, was well thought of, and was not a drug addict. The court asked the

defendant how badly he wanted to stay out of the penitentiary. He said, "I want to stay out bad enough to do anythink that I am told."

The court suspended the imposition of sentence and placed the defendant on probation for a period of two years upon the usual conditions. One of these conditions was that he refrain from violating the law, and another was that he do not leave or remain away from the city where he resided without permission of the Probation Officer. The defendant was a resident of St. Louis, Missouri.

On January 15, 1951, the United States Attorney petitioned the District Court for the revocation of the defendant's probation on the grounds (1) that he had violated a Federal penal law and had been arrested on or about December 7, 1950, in the Borough of Queens, New York, on a charge of unlawful possession of heroin, and (2) that he had made trips to New York without the knowledge and permission of the United States Probation Officer. The defendant was brought before the court on January 18, 1951, for a hearing on the Government's petition. He was represented by counsel of his own choosing, but not counsel who had originally appeared for him. At the hearing, the Government asserted that the defendant had been arrested on December 7, 1950, at LaGuardia Air Field in New York, while about to board a plane for St. Louis, and that he then had in his possession a package containing thirty-six ounces of heroin. The defendant admitted that he had taken the one trip to New York without the knowledge or permission of the Probation Officer. He denied possession of the package of heroin. The court concluded that the arrest of the defendant in New York, where he had no right to be, was enough to justify the revocation of probation and the sentencing of the defendant. Probation was revoked and the defendant was sentenced to five years imprisonment on each count of the information, the sentences to run concurrently.

The defendant on January 31, 1952, filed a motion to vacate his sentence. This was overruled on March 7, 1952. There was no appeal. Another motion to vacate sentence was filed February 16, 1953, and a supplementary motion was filed on March 9, 1953, asking that the defendant be brought before the court to testify with respect to his motion to vacate sentence. The court denied the motion to vacate sentence and the supplementary motion on June 11, 1953. Leave to prosecute an appeal in forma pauperis was denied by the District Court on July 27, 1953. The defendant filed a notice of appeal on August 6, 1953, and applied to this Court for leave to proceed in forma pauperis, which was denied. On September 30, 1953, the defendant filed a motion to dismiss the information on the ground that it was fatally defective. On the same day he applied for appointment of counsel and for a writ of habeas corpus ad testificandum and a writ of attachment for the purpose of securing a hearing on his motion to dismiss the information. On October 21, 1953, the defendant filed a supplementary motion for leave to withdraw his plea of guilty to the information.

On November 10, 1953, the District Court overruled the various motions and petitions of the defendant upon the ground that the files and records in the case conclusively showed that the defendant was entitled to no relief. This appeal followed.

■ The defendant in his brief says that the information was defective because it charged him with being a person required to register and required to pay tax, whereas only licensed dealers are so required and he was not a licensed dealer. But, if so, what of it? The court had jurisdiction of the offenses charged and of the person of the defendant, and he entered a plea of guilty. The information was not subject to this collateral attack belatedly made upon it. Keto v. United States, 8 Cir., 189 F.2d 247, 251; Rowley v. United States, 8 Cir., 191 F.2d

949, 951; Barnes v. United States, 8 Cir., 197 F.2d 271, 273.

Another contention of the defendant is that the District Court erred in not making findings of fact and conclusions of law. Since the court records conclusively showed that the defendant was entitled to no relief whatever, he was not entitled to a hearing nor was the court required to do more than deny him the relief he sought.

Friedman v. United States, 8 Cir., 200 F.2d 690, 696–697, adequately answers the contention of the defendant that he should have been granted leave to withdraw his plea of guilty.

When the defendant left St. Louis for New York City without permission of the Probation Officer and was arrested in that city on a narcotics charge, he was knocking at the door of the federal penitentiary and has no one but himself to blame for gaining admission. His sentence is a valid sentence of imprisonment, and is invulnerable to attack.

The order appealed from is affirmed.