Warren ALM, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 15629.

United States Court of Appeals
Eighth Circuit.

Dec. 10, 1956.

Warren Alm, pro se.

Clinton G. Richards, U. S. Atty., and
K. J. Morgan, Asst. U. S. Atty., Sioux
Falls, S. D., for appellee.

Before SANBORN, WOODROUGH
and WHITTAKER, Circuit Judges.

PER CURIAM.

This is an appeal in forma pauperis
from an order of the District Court of
June 1, 1956, denying a motion of War-
ren Alm, under 28 U.S.C.A. § 2255, for
the vacation of a sentence imposed upon
him April 21, 1955. The sentence was
based upon Alm's conviction under his
plea of guilty on April 19, 1955, to an in-
dictment returned March 26, 1953. The
indictment charged, under Sec. 2312 of
Title 18 U.S.C.A.: "That Warren Alm,
on or about the twenty-sixth day of Oc-
tober, 1952, transported a stolen motor
vehicle, to-wit: a 1939 Mercury, from
Grand Forks, in the District of Minneso-
ta, to Watertown, in the District of South
Dakota, and he then knew the motor vehi-
cle to have been stolen."

The record shows that Alm was repre-
sented by counsel at the time of the en-
try of his plea and at the time of his
sentence, that he was fully advised of his
rights, and that neither he nor his counsel
raised any objection to the indictment or
to any of the proceedings culminating in
the judgment and sentence of which Alm
now complains.

The motion of Alm for vacation of his
sentence was dated April 5, 1956, and was
based upon the assertion that the indict-
ment was defective and did not adequate-
ly set forth the elements of the offense
sought to be charged.

This appeal is without any mer-
it. In the first place, the contention that

the indictment was insufficient because the motor number and serial number of the stolen Mercury, alleged to have been transported interstate by Alm, were not shown in the indictment, is absurd. See and compare, Hewitt v. United States, 8 Cir., 110 F.2d 1, 5–6; United States v. Bent, 8 Cir., 175 F.2d 397, certiorari denied 338 U.S. 829, 70 S.Ct. 79, 94 L.Ed. 504, rehearing denied 338 U.S. 896, 70 S.Ct. 238, 94 L.Ed. 551; Thomas v. United States, 8 Cir., 188 F.2d 6, 8. If Alm, at the time of his arraignment, was in any doubt as to the identity of the stolen automobile he was charged with having transported, he should have applied for a bill of particulars. Thomas v. United States, supra, at page 8 of 188 F.2d.

In the second place, if it be assumed that the indictment was vulnerable for insufficiency of statement before Alm entered his plea of guilty and was convicted, it was certainly invulnerable to collateral attack thereafter. As this Court said in Keto v. United States, 8 Cir., 189 F.2d 247, 249:

"The general rule is that, after conviction, a sentence is not open to collateral attack on the ground that the information or indictment upon which it was based was defective. A motion to vacate a judgment, under 28 U.S.C.A. § 2255, is a collateral attack upon the judgment, and only such grounds may be urged as would be available in habeas corpus proceedings. United States v. Gallagher, 3 Cir., 183 F.2d 342, 344. A judgment in a criminal case which is invulnerable to attack by habeas corpus is equally invulnerable on motion to vacate the judgment."

See, also, Collins v. United States, 8 Cir., 211 F.2d 789, 790.

Alm's attempt to secure a vacation of his sentence was doomed from its inception, and leave to proceed in forma pauperis with this futile appeal should not have been granted beyond allowing him to file a notice of appeal. See Higgins v. Steele, 8 Cir., 195 F.2d 366.

The order appealed from is affirmed.