**Herman Huston WOODRING, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 15762.**

United States Court of Appeals
Eighth Circuit.

Oct. 7, 1957.

Herman H. Woodring, pro se.

Willliam C. Spire, U. S. Atty., Omaha, Neb., and Dean W. Wallace, Asst. U. S. Atty., Lincoln, Neb., filed brief for appellee.

Before SANBORN, WOODROUGH and VAN OOSTERHOUT, Circuit Judges.

SANBORN, Circuit Judge.

This is an appeal from an order denying a motion of Herman Huston Woodring, under 28 U.S.C.A. § 2255, to vacate a sentence of imprisonment for a year and a day imposed upon him by the United States District Court for the District of Nebraska on July 5, 1956.

Woodring was, by indictment filed November 4, 1954, charged, under 18 U.S.C.A. § 2314, with having on April 23, 1954, unlawfully transported in interstate commerce from Lincoln, Nebraska, to Duncan, Oklahoma, a falsely made, forged and counterfeited security, "a check in the amount of $112.72, purported to have been drawn on the First National Bank, Duncan, Oklahoma, dated April 20, 1954, numbered 16614, signed 'E. E. Moss', countersigned 'J. E. Mathews', payable to 'R. Harlin Woodrich', and endorsed 'R. Harlan Woodrich', * * *" which "the said Herman Huston Woodring, alias R. Harlan Woodrich," knew to have been falsely made, forged and counterfeited.

On May 24, 1956, the District Court issued a writ of habeas corpus ad prosequendum for Woodring, who was in the custody of the Warden of the United States Penitentiary at Leavenworth, Kansas, and had him delivered to the United States Marshal for the District of Nebraska. Woodring was brought before the court on June 13, 1956. He was advised by the court of his right to be represented by counsel "at every stage of the criminal proceedings in federal court." He requested the court to appoint counsel for him. The court appointed a mature and experienced lawyer "to advise with, consult and represent the defendant." The court told Woodring to confer freely with his counsel.

On June 21, 1956, Woodring appeared for arraignment, with his counsel. Counsel for the United States, in open court, read to Woodring the indictment and advised him that if he was convicted of the charge made against him he would be subject to a fine of not to exceed $10,000 or to imprisonment not to exceed ten years, or both. Government counsel then asked Woodring if he had had an opportunity to discuss to his full satisfaction the charge with his attorney and if he (Woodring) felt ready to enter a plea. He answered both questions in the affirmative. Government counsel then asked Woodring's attorney if he agreed that Woodring was ready to be arraigned and to enter a plea. The answer was, "I think he is." The court thereupon took over, and the following questions, answers and statements appear in the record:

"Q. (By the court) Mr. Woodring, have you had an opportunity, since the appointment of counsel, to discuss and have you discussed to your entire satisfaction with Mr. Slocum as your attorney the problem in which you find yourself here involved? A. I have, your honor.

"Q. And have you, under the counsel, advice and guidance of Mr. Slocum, arrived at a conclusion as to what plea you should tender to the court? A. I have.

"Q. Is the plea which you propose to make a matter of your own free and voluntary act under only the counsel and advice of Mr. Slocum? A. It is.

"Q. Has anyone, and particularly anyone connected with the law enforcement instrumentalities of the United States, exerted any force or coercion upon you, or made any threat against you, or held out to you any promise or inducement whatsoever in connection with the plea that you propose to make? A. No.

"Q. (By the court) Mr. Slocum have you, to your entire satisfaction and so far as you can perceive to the entire satisfaction of Mr. Woodring, discussed with him the situation in which he finds himself involved, and the matter of the plea which he should offer to the charge

made against him in the indictment? A. Yes, I spent some time with Mr. Woodring and he understands fully the charge and his predicament at this time.

"Q. (By the court) Very well. Mr. Woodring, I now ask you how you plead to the charge made against you in the indictment, guilty or not guilty? A. I thought I had already plead guilty to this, and I want to dispose of it. At this time I enter a plea of guilty.

"Q. Do I understand, then, without any reservation at all you do enter a plea of guilty? A. Yes, your honor.

"Q. (By the court) Very well. Mr. Slocum, may I inquire of you whether the plea tendered by the defendant has your approval? A. Yes, it has, and it is his own idea, your honor.

"Q. And does it represent, so far as you can perceive, his free and voluntary, uncoerced and uninfluenced act? A. I think so. I think it is his own idea.

"The Court: Very well, then. The plea is accepted and the court now proceeds to the matter of imposition of sentence, but before doing so inquires of the defendant and more particularly of defendant's counsel, whether the defendant or counsel in his behalf has anything to say why the judgment and sentence of the court should not be passed upon the defendant, or anything to say which would enlighten the court touching the nature or extent of the sentence to be imposed? (Request made for a continuance.)

"The Court: It is considered further that the case be continued for further proceedings on arraignment and sentence subject to the further order of the court."

Woodring, with his attorney, appeared for sentence on July 5, 1956. The court again inquired of him whether he or his counsel had anything to say why sentence should not be imposed or which would enlighten the court with respect to what the sentence should be. After affording Woodring and his counsel full opportunity to make such remarks as they cared to make, the court pronounced sentence as follows:

"Upon the defendant's plea of guilty which the court has accepted, the court finds and adjudges the defendant to be guilty as charged and convicts the defendant of the charge against him made in the indictment, and now sentences the defendant to the custody of the Attorney General of the United States for imprisonment for the term and period of one year and one day, the place of imprisonment to be determined by the Attorney General or his authorized representative, and the service of the sentence to commence at such time hereafter as he shall have completed the service of sentence which he is now undergoing under the judgment and sentence of the United States District Court for the Western District of Texas under which he is presently confined in the United States Penitentiary at Leavenworth, Kansas."

We have set out in far greater detail than is necessary or would ordinarily be justified the proceedings leading up to the sentencing of Woodring, to show the extreme care that was taken by the District Court and by counsel for the United States to make certain that Woodring's plea was purely voluntary and to preclude the possibility of his having any basis for a claim that his sentence was invalid because of a lack of procedural due process or because of the denial of some constitutional right.

Notwithstanding the consideration shown by the court to Woodring, he on October 27, 1956, less than four months after sentence, filed a motion, under Title 28 U.S.C.A. § 2255, to set it aside. The contentions upon which the motion is based are stated by him as follows:

"Petitioner states that he wrote and signed all signatures on said

check and was not forgery or intent to forge said check and is not a violation of Title 18, U.S.C. Section 2314.

"Petitioner specifically contends that he did not violate Title 18 U.S.C. Sec. 2314.

"Petitioner respectfully contends that this was a 'Bogus' check, and was a violation under a State law for the offense of obtaining money under false pretenses.

"It is your petitioner's contentions and he alleges that the sentence of one year and one day as heretofore imposed on July 5th, 1956, by this Honorable Court is an invalid and void sentence."

The District Court, with characteristic thoroughness, answered these contentions. It first pointed out that unless Woodring had entered upon the execution of the sentence of which he complained, which was unlikely, he was without standing under § 2255 to move for the vacation of his sentence. The court also pointed out that Woodring's statement that he had "signed all signatures on said check" merely confirmed his guilt of having transported in interstate commerce a forged check which he knew was forged.

■ We prefer to base our affirmance of the order, appealed from, upon the ground that Woodring, after having been convicted upon his plea of guilty, which was voluntarily, understandingly and with the advice of counsel entered in proceedings the propriety and legality of which are not and cannot be questioned, is in no position to move for the vacation of the sentence imposed upon him, which is not only valid but is completely invulnerable to attack either collaterally or otherwise.

■■ A plea of guilty is not a mere admission of guilt. It is in and of itself a conviction and as conclusive as the verdict of a jury. Kercheval v. United States, 274 U.S. 220, 223–224, 47 S.Ct. 582, 71 L.Ed. 1009; Friedman v. United States, 8 Cir., 200 F.2d 690, 696. The

question of a defendant's guilt or innocence is not an issue on a motion under Rule 32(d) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., for leave to withdraw a plea of guilty, and by the same token it is not an issue on a motion to vacate a sentence based upon a plea of guilty. See and compare, Friedman v. United States, supra, page 696 of 200 F.2d.

■ Woodring does not contend that there was any defect in the indictment, but, if it had been defective, his sentence, based upon his plea of guilty, would not be subject to collateral attack upon that ground. Keto v. United States, 8 Cir., 189 F.2d 247, 249; Rowley v. United States, 8 Cir., 191 F.2d 949, 951; Barnes v. United States, 8 Cir., 197 F.2d 271, 273; Collins v. United States, 8 Cir., 211 F.2d 789, 790; Alm v. United States, 8 Cir., 238 F.2d 604, 605.

The order appealed from is affirmed.