John BRINSON, Appellant,

v.

Fred T. WILKINSON, Warden, United States Penitentiary, Atlanta, Georgia, Appellee.

No. 17831.

United States Court of Appeals
Fifth Circuit.

Nov. 10, 1959.

John Brinson, Atlanta, Ga., in Pro. Per.

E. Ralph Ivey, Asst. U. S. Atty., Charles D. Read, Jr., Acting U. S. Atty., Atlanta, Ga., for appellee.

Before RIVES, Chief Judge, and TUTTLE and JOHN R. BROWN, Circuit Judges.

PER CURIAM.

This is an appeal in forma pauperis from the denial of a petition for a writ of habeas corpus. Petitioner seeks release on the ground that the indictment on which he was convicted in the District Court (N.D.Ohio) charging him in substantially the words of the statute with passing an altered obligation of the United States (18 U.S.C.A. § 472) was fatally defective because it failed to allege knowledge that the instrument had been altered. United States v. Carll, 1882, 105 U.S. 611, 26 L.Ed. 1135.

Previously, petitioner's motion to vacate under 28 U.S.C.A. § 2255 was denied by the District Court in Ohio and leave to appeal in forma pauperis was denied by the Court of Appeals. (6 Cir., Aug. 8, 1958). The Supreme Court denied certiorari. Brinson v. United States, 1958, 358 U.S. 890, 79 S.Ct. 130, 3 L.Ed.2d 118.

To whatever extent the sufficiency of an indictment may be inquired into in a collateral proceeding, (United States v.

Shelton, 7 Cir., 1958, 249 F.2d 871; McGann v. United States, 4 Cir., 1957, 249 F.2d 431; Gregori v. United States, 5 Cir., 1957, 243 F.2d 47) it is no greater under habeas corpus than under § 2255. Barnes v. Hunter, 10 Cir., 1951, 188 F.2d 86. Consequently, this Court has no jurisdiction to entertain habeas corpus since it does not appear that the remedy under § 2255 was "inadequate or ineffective." 28 U.S.C.A. § 2255.

Affirmed.