Fay Clinton **HARRIS**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 16593.

United States Court of Appeals
Eighth Circuit.

April 14, 1961.

Fay Clinton Harris, pro se.

Edward L. Scheufler, U. S. Atty., and John S. Boyer, Jr., Asst. U. S. Atty., Kansas City, Mo., for appellee.

Before SANBORN, VAN OOSTERHOUT and MATTHES, Circuit Judges.

VAN OOSTERHOUT, Circuit Judge.

This is an appeal by defendant Harris from final order filed August 30, 1960, overruling his fifth motion to correct sentence, filed pursuant to 28 U.S.C.A. § 2255.

Before considering the issues here presented, we will briefly summarize the history of this prolonged litigation. Defendant on April 13, 1951, appeared before the court with his attorney and filed waiver of indictment and consent to be prosecuted by information, and advised the court said waiver was filed voluntarily

with knowledge of his rights. Thereupon, information was filed containing twenty-two counts, of which only the first two counts are here involved, which counts charged him with violations of 18 U.S.C.A. § 472. Defendant waived arraignment and after his rights were fully explained to him, entered a voluntary plea of guilty to Counts I and II, which pleas were accepted by the court. The court, after hearing from the Government attorney, and defendant and his counsel, imposed a sentence of fifteen years upon the defendant upon each of Counts I and II, the sentences to run consecutively.

In Harris v. United States, 8 Cir., 237 F.2d 274, the court had occasion to review the order overruling defendant's third § 2255 motion. In our opinion affirming said order, we set out the basic aspects of this litigation up to that time. Defendant's theory on his appeal from the order overruling his third motion was that in committing the offenses charged in Counts I and II, he had a single unlawful intent and that the two counts charged but a single offense. The fourth motion was in substance the same as the third and was overruled on April 19, 1960, on the basis that the defendant's contentions had previously been adjudicated against him.

The motion now before us was filed on August 9, 1960, and raises for the first time the question of the sufficiency of the information, the defendant alleging that both Counts I and II of the information are fatally defective in that they failed to specifically allege that the defendant knew the federal reserve notes involved in the charges were counterfeit. Defendant relies upon United States v. Carll, 105 U.S. 611, 26 L.Ed. 1135, which holds that knowledge that an instrument is counterfeit is an essential element of a counterfeiting charge, and that such knowledge must be pleaded.

Counts I and II of the information read:

"[Count I]

"That on or about the 5th day of April, 1951, in Kansas City, Missouri, in the Western District of Missouri, Western Division, Fay Clinton Harris did with intent to defraud, pass, utter and publish a certain falsely made, forged, and counterfeited obligation and security of the United States, to wit: One counterfeit $10.00 Federal Reserve Note (St. Louis) Serial Number H 10059760L in violation of Section 472, Title 18, U.S.C."

"Count II.

"The United States Attorney Further Charges:

That on or about the 6th day of April, 1951, in Kansas City, Missouri, in the Western District of Missouri, Western Division, Fay Clinton Harris did with intent to defraud bring into the United States, keep in his possession, and conceal a certain falsely made, forged, and counterfeited obligation and security of the United States, to wit: One counterfeit $10.00 Federal Reserve Note (St. Louis), Serial Number H 10059760L in violation of Section 472, Title 18, U.S.C."

Title 18 U.S.C. § 472, the statute which the defendant was charged with violating, reads:

"Whoever, with intent to defraud, passes, utters, publishes, or sells, or attempts to pass, utter, publish, or sell, or with like intent brings into the United States or keeps in possession or conceals any falsely made, forged, counterfeited, or altered obligation or other security of the United States, shall be fined not more than $5,000 or imprisoned not more than fifteen years, or both."

It is noted the information charges the existence of an intent to defraud and that such is the only intent specifically set out in Section 472.

In McKinney v. United States, 9 Cir., 172 F.2d 781, the information charging a violation of 18 U.S.C.A. § 472 failed to charge that the defendant had knowledge

that the bills were counterfeit. In affirming the conviction, the court states:

> "Under the spirit as well as the letter of the new criminal rules this court should view the charge of possession of separated fronts and backs of bills with intent to defraud with common sense appreciation of the realities. The possession of such a split note with intent to defraud necessarily carries with it knowledge that it was split. In any event a failure to specifically charge knowledge as to such split bills, where intent to defraud accompanied possession, if error, was clearly one 'which does not affect substantial rights.' Rule 52(a) Fed.Rules Crim. Proc., states such an 'error * * * shall be disregarded.'" 172 F.2d 783.

We believe there is considerable merit to the Government's contention that intent to defraud is a comprehensive term and includes a charge of knowledge on the part of the defendant that the note was counterfeit. Without such knowledge on the part of the defendant, it is difficult to see how any intent to defraud could exist. If the defendant actually believed the counterfeit bills to be genuine, it is difficult to see how he could have any fraudulent intent in passing or concealing them. McKinney v. United States, supra, while factually distinguishable, as there the counterfeit notes were split notes, lends support to this view.

We refrain from resting our decision upon the basis that the charge of intent to defraud carries with it a charge of knowledge that the bill was counterfeit, because of the holding of the Supreme Court in the Carll case. There are a number of distinguishing features between our present case and the Carll case. In Carll, the defendant stood trial; here the defendant entered a voluntary plea of guilty. In Carll the attack was upon an indictment and the attack was made upon direct appeal; here the attack is upon an information and is a collateral attack.

In Alm v. United States, 8 Cir., 238 F. 2d 604, 605, we quoted and approved the rule stated in Keto v. United States, 8 Cir., 189 F.2d 247, 249, reading as follows:

> "The general rule is that, after conviction, a sentence is not open to collateral attack on the ground that the information or indictment upon which it was based was defective. A motion to vacate a judgment, under 28 U.S.C.A. § 2255, is a collateral attack upon the judgment, and only such grounds may be urged as would be available in habeas corpus proceedings. United States v. Gallagher, 3 Cir., 183 F.2d 342, 344. A judgment in a criminal case which is invulnerable to attack by habeas corpus is equally invulnerable on motion to vacate the judgment."

In Brinson v. Wilkinson, 5 Cir., 271 F.2d 790, which appears to involve much the same type of attack upon an 18 U.S. C.A. § 472 indictment as here made, the court as a basis for denying habeas corpus states:

> "Previously, petitioner's motion to vacate under 28 U.S.C.A. § 2255 was denied by the District Court in Ohio and leave to appeal in forma pauperis was denied by the Court of Appeals. (6 Cir., Aug. 8, 1958). The Supreme Court denied certiorari. Brinson v. United States, 1958, 358 U.S. 890, 79 S.Ct. 130, 3 L.Ed.2d 118.
>
> "To whatever extent the sufficiency of an indictment may be inquired into in a collateral proceeding, (United States v. Shelton, 7 Cir., 1958, 249 F.2d 871; McGann v. United States, 4 Cir., 1957, 249 F.2d 431; Gregori v. United States, 5 Cir., 1957, 243 F.2d 47) it is no greater under habeas corpus than under § 2255."

Defendant's plea of guilty was an admission of his guilt and a "waiver of all non-jurisdictional defects and defenses

and an admission of all the facts averred in the information." Lipscomb v. United States, 8 Cir., 273 F.2d 860, 865.

The Federal Rules of Criminal Procedure have been adopted since the decision in the Carll case. Such rules were designed "to eliminate technicalities in criminal pleading and are to be construed to secure simplicity in procedure." United States v. Debrow, 346 U.S. 374, 376, 74 S.Ct. 113, 115, 98 L.Ed. 92.

In Smith v. United States, 360 U.S. 1, 9, 79 S.Ct. 991, 996, 3 L.Ed.2d 1041, the Supreme Court states:

"This Court has, in recent years, upheld many convictions in the face of questions concerning the sufficiency of the charging papers. Convictions are no longer reversed because of minor and technical deficiencies which did not prejudice the accused. E. g., Hagner v. United States, 285 U.S. 427 [52 S.Ct. 417, 76 L.Ed. 861]; Williams v. United States, 341 U.S. 97 [71 S.Ct. 576, 95 L.Ed. 774]; United States v. Debrow, 346 U.S. 374 [74 S.Ct. 113, 98 L.Ed. 92]. This has been a salutary development in the criminal law."

In Hagner v. United States, 285 U.S. 427, 431, 52 S.Ct. 417, 419, 76 L.Ed. 861, the test to be applied in determining the sufficiency of an indictment is thus stated:

"The rigor of old common-law rules of criminal pleading has yielded, in modern practice, to the general principle that formal defects, not prejudicial, will be disregarded. The true test of the sufficiency of an indictment is not whether it could have been made more definite and certain, but whether it contains the elements of the offense intended to be charged, 'and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction.'"

In Anderson v. United States, 8 Cir., 262 F.2d 764, 770, this court reaffirmed the statement made in Hewitt v. United States, 8 Cir., 110 F.2d 1, 5, reading as follows:

"The sufficiency of an indictment should be judged by practical, and not by technical, considerations. It is nothing but the formal charge upon which an accused is brought to trial. An indictment which fairly informs the accused of the charge which he is required to meet and which is sufficiently specific to avoid the danger of his again being prosecuted for the same offense should be held good."

It is established beyond question upon the record in our present case that the defendant fully and completely understood that he was being charged with violating 18 U.S.C.A. § 472 and that he was being charged with knowledge that the notes he was dealing with were counterfeit. He makes no claim here that he is not guilty of the offenses of which he was convicted upon his plea of guilty and asserts no prejudice flowing to him as a result of the absence of a specific allegation that he knew the notes were counterfeit.

The complaint filed before the Commissioner and the warrant of arrest each contained the specific statement that the defendant knew the notes to be counterfeit.

In a statement to the court at the time of the sentence, the Government attorney describing the defendant's extensive counterfeiting operations, states:

"When questioned by Agents of the Secret Service, after this arrest, the following day, he voluntarily furnished a sworn statement indicating in detail the passing of these Ten Dollar Notes, and admitted that he passed some both in the State of Texas, the State of Oklahoma, the State of Kansas and the State of Missouri. Is that correct?

"Defendant Harris: Yes."

Defendant's counsel, prior to the imposition of sentence, stated:

"If your Honor please, at this time Mr. Harris in asking for the mercy of the Court, would like to make a statement to the fact that this money that he passed, and also the counterfeiting he did, he did while under the influence of liquor."

We are satisfied that the court committed no error in overruling defendant's motion to correct sentence, filed pursuant to 28 U.S.C.A. § 2255.

Affirmed.

SANBORN, Circuit Judge (concurring).

The appeal of Harris from the denial of his fifth motion, under 28 U.S.C.A. § 2255, for the vacation of his sentence, in my opinion presents nothing for review by this Court. We have consistently held that, in a case such as this, the sufficiency of the information or indictment is not subject to collateral attack by motion to vacate sentence. In Keto v. United States, 8 Cir., 189 F.2d 247, we had a situation where the defendant entered a plea of guilty to a defective information, with full knowledge of the offense intended to be charged. We said, on page 252 of 189 F.2d: "The information was not subject to collateral attack on motion to vacate the sentence." To the same effect are the following cases: Rowley v. United States, 8 Cir., 191 F.2d 949, 951; Barnes v. United States, 8 Cir., 197 F.2d 271, 273; Collins v. United States, 8 Cir., 211 F.2d 789, 790; Alm v. United States, 8 Cir., 238 F.2d 604, 605; Woodring v. United States, 8 Cir., 248 F.2d 166, 169. See, also, United States v. Hoyland, 7 Cir., 264 F.2d 346, 352 and cases cited.

I do not disagree with anything Judge VAN OOSTERHOUT has said about the sufficiency of the information, but I think that question is not before us. I concur in the affirmance of the order appealed from, since I regard the sentence of Harris as invulnerable to attack.