**Marvin ROTH, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 16765.**

United States Court of Appeals
Eighth Circuit.

Oct. 27, 1961.

---

4. Citing Baldwin v. Iowa State Traveling Men's Association, 283 U.S. 522, 51 S.Ct. 517, 75 L.Ed. 1244.

Roy Cook, Kansas City, for appellant.

W. Francis Murrell, Asst. U. S. Atty., St. Louis, Mo. (D. Jeff Lance, U. S. Atty., and John A. Newton, Asst. U. S. Atty., St. Louis, Mo., on the brief), for appellee.

Before SANBORN, MATTHES and RIDGE, Circuit Judges.

SANBORN, Circuit Judge.

This is an appeal from an order of the District Court filed March 9, 1961, denying a motion of Marvin Roth under 28 U.S.C. § 2255 for the vacation of a judgment and sentence of eight years imprisonment imposed upon him on January 8, 1959. The sentence was based upon a finding by that court, after a jury-waived trial, that Roth was guilty as charged. From the judgment, Roth appealed. The judgment was affirmed by this Court on October 8, 1959. 270 F.2d 655. Certiorari was denied by the Supreme Court. 361 U.S. 931, 80 S.Ct. 368, 4 L.Ed.2d 352.

At his trial, Roth was represented by able counsel of his own choosing. He had waived indictment, and had entered a plea of not guilty to an Information which contained eight counts. As was stated by this Court in its opinion affirming his conviction and sentence, the first and second counts of the Information charged unlawful sales of tincture opium camphorated, or paregoric, a narcotic drug, in violation of 26 U.S.C. § 4705(a). The remaining counts of the Information charged illegal sales of dextroamphetamine sulphate tablets, in violation of 21 U.S.C.A. § 331(k). Roth's sole defense at his trial was that he had been entrapped by agents of the Government into making the illegal sales charged against him. His contention on his appeal to this Court was that his defense of entrapment had been conclusively established by the evidence. We ruled that, under the evidence, the issue raised by his claim of entrapment was one of fact for the trial court and not an issue of law for this Court.

Subsequent to the affirmance of the judgment and sentence and after Roth's application to the Supreme Court for certiorari had been denied, he filed, on October 5, 1960, under 28 U.S.C. § 2255, his motion to vacate his sentence. His motion was denied on March 9, 1961. This appeal followed, leave being granted Roth by the District Court to proceed in forma pauperis.

The questions which the appellant now seeks to raise by this collateral attack upon the judgment affirmed by this Court are: (1) whether the Information upon which he was tried and convicted is vitally defective, and (2) whether a sale of a narcotic drug to a Government agency was a violation of the applicable statute.

█ It seems obvious to us that the present appeal from the order denying his motion to vacate sentence presents nothing for review. It is only in a rare case, comparable to that of Bowen v. Johnston, 306 U.S. 19, 59 S.Ct. 442, 83 L.Ed. 455, that the validity or sufficiency of an indictment or information is subject to collateral attack by habeas corpus or under § 2255. This Court has repeatedly ruled that, after conviction in a case such as this, the question of the sufficiency of the indictment or information is not reviewable on appeal from an order denying a motion to vacate sen-

tence. Keto v. United States, 8 Cir., 189 F.2d 247, 249, 251; Rowley v. United States, 8 Cir., 191 F.2d 949, 951; Barnes ʋ. United States, 8 Cir., 197 F.2d 271, 273; Alm v. United States, 8 Cir., 238 F.2d 604, 605, certiorari denied 353 U.S. 939, 77 S.Ct. 818, 1 L.Ed.2d 762; Woodring v. United States, 8 Cir., 248 F.2d 166, 169; Dean v. United States, 8 Cir., 265 F.2d 544, 546–547; Harris v. United States, 8 Cir., 288 F.2d 790, 792, 794; Swepston v. United States, 8 Cir., 289 F.2d 166, 170; Willis v. United States, 8 Cir., 289 F.2d 581, 585–586.

 In Knewel v. Egan, 268 U.S. 442, 446, 45 S.Ct. 522, 524, 69 L.Ed. 1036, the Supreme Court said:

"* * * It is fundamental that a court upon which is conferred jurisdiction to try an offense has jurisdiction to determine whether or not that offense is charged or proved. Otherwise every judgment of conviction would be subject to collateral attack and review on *habeas corpus* on the ground that no offense was charged or proved. It has been uniformly held by this court that the sufficiency of an indictment cannot be reviewed in *habeas corpus* proceedings."

This Court, in Keto v. United States, supra (page 251 of 189 F.2d) said:

"The orderly administration of criminal justice demands that a defendant who is dissatisfied with the form or substance of an indictment or information filed against him shall make that known to the trial court at or before the time when sentence is imposed, and shall appeal from any judgment which he contends is based upon a defective indictment or information. It would create an intolerable situation if defendants, after conviction, could defer their attacks upon indictments or informations until witnesses had disappeared, statutes of limitation had run, and those charged with the duty of prosecution had died, been re-

placed, or had lost interest in the cases."

It is obvious that this appeal is without any color of merit. It is dismissed as plainly frivolous.