**Leonard Melvin WEISSER, Appellant,**

v.

**Dr. P. J. CICCONE, Appellee.**

**No. 75–1770.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 17, 1976.

Decided March 9, 1976.

nothing could be added by remanding for an evidentiary hearing on this issue.

Tyce S. Smith, Springfield, Mo., filing brief, for appellant.

Donald J. Stohr, U. S. Atty., and Richard D. Billeaud, Sp. Atty., St. Louis, Mo., filing brief, for appellee.

Before LAY, STEPHENSON and WEBSTER, Circuit Judges.

STEPHENSON, Circuit Judge.

The sole issue on this appeal from the district court's[1] denial of post-conviction relief[2] is whether the dictates of Fed.R. Crim.P. 11 and the requirements of due process were complied with in the acceptance of appellant Weisser's plea of guilty to a charge that he violated the federal wire fraud act, 18 U.S.C. § 1343 (1970). We find that the district court established an adequate basis in fact for the plea and thereby affirm.

On April 25, 1974, Weisser and seven co-defendants were charged, in one count of a nine-count indictment, with conspiring to commit racketeering acts, namely wire fraud involving the use of fraudulently obtained credit cards, in violation of 18 U.S.C. § 1962 (1972).[3] On September 18, 1975, Weisser waived indictment by a grand jury and pled guilty to two counts of an information charging him with aiding and abetting one Anthony Daly in two specific instances of wire fraud (18 U.S.C. § 1343 (1970)).[4] The reading of the information in open court was waived by Weisser through his counsel.

This petition for post-conviction relief was filed by Weisser while incarcerated at the Springfield Medical Center. Nine months subsequent to the entry of his guilty plea appellant filed the instant petition alleging that both counts of the information to which he pled guilty charged him with the fraudulent use of the same numbered Standard Oil credit card, although different owners were listed. He alleged in his petition that the effect of this error was to violate his constitutional rights and that as a result his sentence on Count I should be vacated.

The district court, in its memorandum and order denying relief, noted that the government admitted it had made a typographical error in preparing Count I and that Count I should have charged Weisser with the fraudulent use of a BankAmericard credit card, not a Standard Oil credit card, belonging to the individual correctly named in the charge, one Lawrence A. Hubbart.[5]

The court found upon a complete review of the proceedings that the requirements of Fed.R.Crim.P. 11 had been met. Special emphasis was placed by the court upon the existence and use of a transcribed conversation, obtained by wiretap, between Weisser and Anthony Daly regarding the use of the BankAmericard belonging to Hubbart. The court noted that this particular transcript was "made a part of the record" and "had been extensively studied in pretrial meetings." In fact, the court noted that at the time the plea was accepted on Count I, Weisser refreshed his memory as to the alleged crime by referring to that transcript. Based upon this record, the district court found that no need for an evidentiary hearing existed and that no relief was warranted. We agree.

In *McCarthy v. United States*, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), the

---

1. The Honorable John F. Nangle, United States District Judge for the Eastern District of Missouri.

2. The district court denominated Weisser's complaint as both a habeas corpus petition and a section 2255 motion.

3. Maximum penalty up to 20 years imprisonment and not more than $25,000 fine. 18 U.S.C. § 1963 (1970).

4. Maximum penalty up to 5 years imprisonment and $1,000 fine on each count.

5. The government informs us in its brief that this case involved eight defendants, six of whom pled guilty at the same hearing as did appellant. The plea hearings took three to four hours. The fraudulent scheme involved the use of literally hundreds of oil company and bank credit cards which were illegally obtained and used to make fraudulent purchases.

Supreme Court announced the proper guidelines for federal courts to follow when accepting a guilty plea pursuant to Rule 11. Essentially, the Court held that compliance with the rule required that (1) the defendant be personally addressed by the court, (2) the court determine that the plea is made voluntarily, (3) the court determine that the plea is taken with full understanding by the defendant of the nature of the charge and the consequences of the plea, and (4) the court must satisfy itself that a factual basis for the plea exists. *Id.* at 466–67, 89 S.Ct. at 1170–1171, 22 L.Ed.2d at 425–426. *See also United States v. Richardson,* 483 F.2d 516 (8th Cir. 1973); *United States v. Untiedt,* 479 F.2d 1265 (8th Cir. 1973). On this appeal, Weisser contends that no factual basis existed for the acceptance of his guilty plea to Count I. Our review of the record convinces us to the contrary. *See United States v. Briscoe,* 428 F.2d 954, 956–57 (8th Cir.), *cert. denied,* 400 U.S. 966, 91 S.Ct. 378, 27 L.Ed.2d 386 (1970).

Before accepting Weisser's pleas the court carefully examined him at some length regarding his participation in the scheme, his understanding of the charges and the possible penalties, the nature and extent of the rights he was waiving by pleading guilty, and the voluntariness of his action. Weisser had specific recollection of the incident which formed the basis of Count II and he related to the court his involvement therein. However, Weisser was initially confused as to the charge in Count I. His memory as to the incident charged therein was refreshed when the government produced and he was shown the wiretap transcript of his conversation with Daly. That transcription clearly and unequivocally shows that appellant provided Daly with information regarding a BankAmericard credit card, number 4232–170–165–976, which was issued in the name of one Lawrence A. Hubbart. No possible reading of that conversation could suggest to the contrary. After reviewing this transcript in open court and in the presence of

his counsel, Weisser apprised the court he was aware of the conduct to which he was admitting guilt. At no time has Weisser challenged the fact of this conversation with Daly nor has he attempted to deny his involvement with regard to the Hubbart BankAmericard.

 It is our view that the trial court in this case ably discharged its Rule 11 responsibilities. A plea entered after full compliance with Rule 11 is conclusive and waives all nonjurisdictional errors. *Tucker v. United States,* 470 F.2d 220, 221–22 (8th Cir. 1972), *cert. denied,* 412 U.S. 929, 93 S.Ct. 2758, 37 L.Ed.2d 157 (1973). *See Coleman v. Burnett,* 155 U.S.App.D.C. 302, 477 F.2d 1187, 1193–95 (1973). The error in Count I of the information was non-prejudicial to the defendant, a minor and technical deficiency which cannot be used to attack an otherwise valid plea. *See Willis v. United States,* 289 F.2d 581, 584–85 (8th Cir.), *cert. denied,* 368 U.S. 856, 82 S.Ct. 93, 7 L.Ed.2d 53 (1961); *Harris v. United States,* 288 F.2d 790, 792–93 (8th Cir. 1961). *Cf. United States v. Word,* 519 F.2d 612, 617 (8th Cir. 1975). In addition, Weisser's fears that he could be re-prosecuted for the Hubbart BankAmericard offense are unfounded. The wiretap transcript, which was made part of the plea record, clearly and specifically indicates that the plea as to Count I was made to the fraudulent use of that BankAmericard. *See Harris v. United States,* 288 F.2d 790, 793 (8th Cir. 1961).

 We conclude that the full record in this case amply supports a finding that appellant knowingly and voluntarily entered a plea of guilty to the charge that he fraudulently used the Hubbart BankAmericard. The transcript of his telephone call with Daly coupled with Weisser's colloquy with the trial court provided an ample factual basis for the acceptance of that plea.[6]

Affirmed.

WEBSTER, Circuit Judge (concurring).

I concur in the result. I adhere to my view, previously expressed in *Sappington v.*

6. Weisser further alleges that if Count I is corrected to charge Weisser with use of the Hub-

bart BankAmericard the plea must be set aside due to a lack of evidence in the record to

*United States,* 523 F.2d 858 (8th Cir. 1975) (Webster, J., concurring), that post-conviction claims which are based upon failure to comply with Rule 11 should be limited to those situations in which "the claimed error of law was 'a fundamental defect which inherently results in a complete miscarriage of justice,' and * * * '[i]t * * * present[s] exceptional circumstances where the need for the remedy afforded by the writ of *habeas corpus* is apparent.'" *Davis v. United States,* 417 U.S. 333; 346, 94 S.Ct. 2298, 2305, 41 L.Ed.2d 109, 119 (1974) (quoting from *Hill v. United States,* 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417, 421 (1962)). *See Houser v. United States,* 508 F.2d 509, 512–13 (8th Cir. 1974). This is not such a case.

indicate any interstate telephone call by any principal which completed the fraudulent act. This argument is without merit. The transcript of the, Weisser-Daly telephone conversation contains language indicating that Weisser was speaking from his home in Illinois. The Daly telephone being tapped was in Missouri. This call provided a sufficient interstate nexus for 18 U.S.C. § 1343 (1970). The interstate "executing" referred to in that statute may be in the course of the scheme rather than in its completion. *Cf. United States v. Aloi,* 511 F.2d 585, 599 (2d Cir. 1975). Further, the scheme to defraud need not have been *successfully completed* in order to constitute an offense. *See United States v. Gross,* 416 F.2d 1205, 1209–10 (8th Cir. 1969), *cert. denied,* 397 U.S. 1013, 90 S.Ct. 1245, 25 L.Ed.2d 427 (1970).