**Emmett Thomas O'BRIEN, Appellant,**

v.

**UNITED STATES of America,**
Appellee.

No. 15842.

United States Court of Appeals
Fifth Circuit.
April 20, 1956.

Emmett Thomas O'Brien, Tallahassee, Fla., for appellant.

John L. Briggs, Asst. U. S. Atty., Jacksonville, Fla., James L. Guilmartin, U. S. Atty., Miami, Fla., for appellee.

Before TUTTLE, CAMERON and JONES, Circuit Judges.

PER CURIAM.

The appellant was arrested in the Southern District of New York on a charge of interstate transportation of a forged check. 18 U.S.C.A. § 2314. He was there taken before a District Judge and, being represented by counsel of his own choosing, he executed a written waiver of indictment and expressed his desire to plead guilty.

An information was filed against appellant in the Southern District of Florida, the proceeding was transferred under Rule 20, Fed.Rules Crim.Proc., 18 U.S.C.A., from the Southern District of Florida to the Southern District of New York for plea and sentence. A plea of guilty was entered before the Court in New York and the appellant was placed on probation. Jurisdiction of probation was transferred to the Southern District of Florida, 18 U.S.C.A. § 3653. The Court sitting in Florida revoked probation and sentenced the appellant to imprisonment for eighteen months. A motion was made to vacate the judgment and sentence as permitted by 28 U.S.C.A. § 2255. The motion was denied as was a motion for rehearing and this appeal is from the orders on the motions.

Before us the appellant urges (1) the information was not under oath, Rule 9(a), Fed.Rules Crim.Proc.; (2) his waiver of indictment was made in the judge's chambers and not in open court; (3) he was given no copy of the information before consenting to the transfer; (4) the waiver of indictment was prior to the transfer and void; (5) no offense is charged by the information; (6) the sentence to probation is invalid because not specifying dates of commencement and termination of probation; (7) a purported order extending probation in the file is unsigned and invalid; and (8) the waivers executed in the Southern District of New York were invalid because no indictment or information was pending.

We find no error in the denial of appellant's motions. Hornbrook v. United States, 5 Cir., 1954, 216 F.2d 112; United States v. Jones, 7 Cir., 1949, 177 F. 2d 476; Donovan v. United States, 10 Cir., 1953, 205 F.2d 557. The orders from which appeal was taken are

Affirmed.