John J. CHING, Appellant,

v.

UNITED STATES of America, Appellee.

No. 6656.

United States Court of Appeals Tenth Circuit.

June 3, 1961.

James P. Costello, New York City, for plaintiff-appellant.

George J. Conway, New York City, for defendant-appellee.

Before CLARK and SMITH, Circuit Judges, and DAWSON, District Judge.

Gary D. Fields, Denver, Colo., for appellant.

D. L. Giacomini, Asst. U. S. Atty., Denver, Colo. (Donald G. Brotzman, U. S. Atty., Denver, Colo., was with him on the brief), for appellee.

Before BRATTON, LEWIS and BREITENSTEIN, Circuit Judges.

BRATTON, Circuit Judge.

For convenience, reference will be made throughout to John J. Ching as appellant. Appellant was confined in Colorado. An information was filed in the United States Court for Western Oklahoma charging him with the offense of passing a forged money order, and an information was filed in the United States Court for Eastern Louisiana charging him with the offense of breaking into a post office. By procedure taken pursuant to Rule of Criminal Procedure 20, 18 U.S.C., both causes were transferred to the United States Court for Colorado. Appellant entered pleas of guilty in the two cases and was sentenced to imprisonment. Almost two years later, a single motion was filed under 28 U.S.C. § 2255 to set aside the sentences. The substance of the motion was that the waivers of indictment and consent that the charges be presented by information were not dated; that the person who signed them as a witness did not see them; that appellant was not in court on two specified dates; and that the documents were not signed in open court. The motion was denied and a single appeal was taken in the two cases.

Rule of Criminal Procedure 7(b), 18 U.S.C., provides that certain offenses may be prosecuted by information if the defendant, after being advised of the nature of the charge and of his rights, waives in open court prosecution by indictment. Two waivers in conventional form appear in the record, one relating to the offense in Oklahoma and the other to that in Louisiana. The first bears the file mark of the clerk in Colorado, the file mark of the clerk in Oklahoma, and a later file mark by the clerk in Colorado. The second bears the file mark of the clerk in Colorado, the file mark of the clerk in Louisiana, and a later file mark by the clerk in Colorado. They purport to bear the signature of appellant, the signature of his self-selected attorney, and the signature of a witness. Appellant does not plead in the motion that the documents do not bear his signature. He does not plead that they are forgeries. He pleads that he signed many papers at various places such as the office of the Marshal, the office of the Commissioner, and the county jail. He pleads that he does not remember having signed the waivers; that the person who signed them as a witness did not see them; and that they were not signed in open court. But appellant was represented by an attorney of his own choice. The attorney signed the waivers, and it is not suggested that he was absent at any of the times when appellant was entitled to the assistance of counsel. The pivotal fact pleaded in the motion is that the waivers were not signed in open court. But the execution of the waivers in the circumstances reflected in the record and the filing of them before arraignment constituted substantial compliance with Rule 7(b), supra. United States v. Jones, 7 Cir., 177 F.2d 476; O'Brien v. United States, 5 Cir., 233 F.2d 246; Kossin v. United States, 6 Cir., 235 F.2d 188.

Affirmed.