**Joseph Roy Mason NANNEY, Appellant,**
v.
**UNITED STATES of America,**
**Appellee.**
**No. 6856.**

United States Court of Appeals
Tenth Circuit.
March 5, 1962.

58

Donald M. Burkhardt, Denver, Colo., for appellant.

Benjamin E. Franklin, Asst. U. S. Atty. (Newell A. George, U. S. Atty., was with him on the brief), for appellee.

Before MURRAH, Chief Judge, and BRATTON and BREITENSTEIN, Circuit Judges.

PER CURIAM.

The indictment in this case was returned in the United States Court for Northern Georgia. It charged that appellant transported a stolen automobile from Mobile, Alabama, to Gainesville, Georgia, knowing it to have been stolen. While confined in the federal penitentiary at Leavenworth, Kansas, serving a sentence imposed upon him in the United States Court for Colorado for the offense of transporting a stolen automobile from a named place in Missouri to a named place in Colorado, appellant filed in this case written consent in compliance with Rule of Criminal Procedure 20, 18 U.S.C., that the case be transferred from the Northern District of Georgia to the District of Kansas. After the transfer had been effectuated, the Court in Kansas appointed an attorney to act as counsel for appellant. Accompanied by his attorney, appellant entered a plea of guilty and was sentenced to imprisonment for a term of two years, with provision that such sentence should run consecutively to the sentence then being served. About thirteen months after imposition of the sentence, appellant presented in the form of a communication addressed to the presiding judge a request that he be permitted to withdraw his plea of guilty. The basis of the request was invalidity of the consent to the transfer of the case to the court in Kansas, and misunderstanding of the rights of appellant at the time of entering the plea of guilty. Treating the request as a motion, the court conducted hearings at which evidence was adduced. The motion was denied and the proceeding came here on appeal.

The motion was apparently drawn by appellant without the aid of an attorney. In it, the right to withdraw the plea of guilty was expressly predicated upon Rule of Criminal Procedure 32 (d). In the brief filed in this court by court-appointed counsel, it is suggested that the motion should be treated as having been prepared and presented under 28 U.S.C. § 2255. Laying aside the technical question whether the motion should have been presented under the rule or under the statute, one ground of the asserted right to withdraw the plea of guilty was that the consent to the transfer of the case was invalid for the reason that at the time of its execution appellant did not have the assistance of an attorney. Of course, an accused is entitled to the aid of counsel throughout the trial proceedings. But it is not essential to the validity of a consent to transfer under Rule 20 that it be signed in open court. Donovan v. United States, 10 Cir., 205 F.2d 557; Ching v. United States, 10 Cir., 292 F.2d 31. And such consent is not such an integrated part of the judicial proceedings that giving it without the aid of counsel in connection therewith constitutes a deprivation of any right protected by the Constitution which renders invalid subsequent proceedings in the court to which the case is transferred.

The denial of the motion to withdraw the plea of guilty is challenged on the further ground that appellant suffered manifest injustice when his plea was entered under a misapprehension or with a misunderstanding of his rights. The substance of the argument is that appellant entered the plea under the misapprehension or with the misunderstanding that by signing the consent to the transfer of the case he waived his right

to plead not guilty, to plead *nolo contendere,* or to proceed otherwise than plead guilty. Appellant was not a stranger to courts and court proceedings. He was twenty four years of age at the time of entering his plea and he had been in and out of jails, beginning when he was about fifteen years old. It is fairly apparent from the record that appellant made known a desire to have the case transferred to the court in Kansas; that the consent to the transfer was prepared in the office of the United States Attorney for Northern Georgia; that it was sent to the United States Attorney in Kansas; that it was then forwarded to the penitentiary at Leavenworth and reached the hands of the Records Control Supervisor who presented it to appellant; that appellant either read it or looked at it; that after some conversation, he said he understood it; that he signed it; and that it was returned through channels to the court in Georgia. It further appears that thereafter appellant expressed impatience at the delay in transferring the case to Kansas for disposition there. In response to the conventional inquiry of the court whether appellant had any reason why judgment and sentence should not be pronounced upon him, he asked for leniency and gave his reason for the request. The substance of the reason given was that he "wanted to try to change," wanted to "straighten up." Viewing the case in its entirety, it is clearly apparent that at the time appellant entered his plea of guilty, he did not desire to exercise the right to plead not guilty; did not desire to exercise the right to plead *nolo contendere;* did not desire to have the case transferred back to the court in Georgia for further proceedings; and did not desire to proceed otherwise than to enter the plea of guilty and receive leniency. The denial of the motion to withdraw the plea in these circumstances did not constitute an injustice which entitled appellant to have the judgment and sentence vacated in order that he might withdraw such plea.

Affirmed.