**Howard Lee WHITE, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 19994.**

United States Court of Appeals
Ninth Circuit.

Nov. 18, 1965.

Howard Lee White, in pro. per.

Manuel L. Real, U. S. Atty., John K. Van de Kamp, Asst. U. S. Atty., Chief, Crim. Div., J. Brin Schulman, Asst. U. S. Atty., Asst. Chief, Crim. Div., Robt. J. Timlin, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before CHAMBERS, HAMLEY and ELY, Circuit Judges.

HAMLEY, Circuit Judge.

This is an appeal from an order of the district court denying the motion of Howard Lee White, made pursuant to 28 U.S.C. § 2255 (1964) to be released from federal custody.

In three criminal cases in the United States District Court for the Southern District of California, Southern Division, White was convicted on his pleas of guilty and committed to the custody of the Attorney General for a period of study under 18 U.S.C. § 4208(b) (1964). At the conclusion of the study period, the sentences were modified but not in the presence of White. Relying on United States v. Behrens, 375 U.S. 162, 84 S.Ct. 295, 11 L.Ed.2d 224, White petitioned for a writ of habeas corpus, complaining that under Behrens, he was entitled to be in court when the sentences were modified.

The petition was granted and, with White in court, the modified sentences imposed in these three cases were vacated and then reimposed. White then moved for relief under section 2255, asserting that the district court erred in two respects in reimposing the sentences, viz.: (1) the court failed to advise White at that hearing that he was entitled to the assistance of counsel, and (2) White's motion made at that hearing to change his plea to not guilty was erroneously denied. On the day this section 2255 motion was filed, and without a hearing thereon, the district court denied the motion. This appeal followed.

The district court did not, at the hearing at which the sentences were imposed, advise White that he was entitled to counsel at that hearing. The reason no such advice was given was because, at the time White pleaded guilty and was initially sentenced, and after being fully advised of his right to counsel, White expressly, insistently and intelligently waived his right to counsel. The court apparently inferred therefrom that White intended such waiver to apply throughout all proceedings in the cases in which the waivers were given.

White gave no indication at the hearing at which the sentences were reimposed that he did not understand that he had a right to the assistance of counsel at that hearing, or that he wished to withdraw his waiver previously given. Under these circumstances the court was entitled to assume that the waiver was still in effect, and was not required to again advise White of his right to counsel. See Panagos v. United States, 10 Cir., 324 F.2d 764, 765; Davis v. United States, 8 Cir., 226 F.2d 834. See, also, United States v. Washington, 3 Cir., 341 F.2d 277, 286.

With regard to the denial of the motion to withdraw the pleas of guilty, White did not make the motion until he knew the scope of the sentences the court had in mind. He stated no rea-

son why he wished to withdraw his pleas of guilty. At the original imposition of sentences White expressly stated that he had committed the acts charged against him. The trial court has wide discretion in passing on such a motion. Zaffarano v. United States, 9 Cir., 330 F.2d 114, 115. A reading of the record convinces us that the court did not abuse its discretion. Assuming, without deciding, that the denial of a motion of this kind can be reviewed in a section 2255 proceeding, we hold that there was here no error.

Affirmed.