Thomas Jefferson **SHORES**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 22011.

United States Court of Appeals
Fifth Circuit.

Oct. 26, 1965.

Certiorari Denied Jan. 31, 1966.

See 86 S.Ct. 653.

_____
8. 29 U.S.C. § 160(c).

Thomas Jefferson Shores, pro se.

James R. Gough, Asst. U. S. Atty., Houston, Tex., Woodrow Seals, U. S. Atty., Thomas L. Morrill, Asst. U. S. Atty., Houston, Tex., for appellee.

Before RIVES, WISDOM and GE-WIN, Circuit Judges.

RIVES, Circuit Judge.

This appeal is from a judgment denying relief under a section 2255 (of Title 28 U.S.C.) motion without a hearing. Under that statute a hearing is necessary "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."

On June 11, 1963, an indictment was returned in the United States District Court of Kansas charging Shores, the present appellant, with transporting and causing to be transported in interstate commerce a falsely made, forged, altered and counterfeited security in violation of 18 U.S.C. § 2314. On the same day Shores was arrested and carried before the United States Commissioner of the Laredo Division, Southern District of Texas, whose report dated July 12, 1963 contained the following:

"On June 11, 1963, defendant was brought before me and was presented with affidavit of Leopoldo E. Armijo, Special Agent, FBI, setting forth the said charge. Defendant was informed of his right to be represented by counsel, to be presented with original warrant of arrest and certified copy of the complaint and of his right to a hearing or to waive hearing. Defendant was further warned that he is not required to make a statement and any statement that he might make may be used against him, whereupon hearing was continued to June 25, 1963.

"On June 17th, 1963, defendant was again brought before me and was presented with certified copy of the indictment pending against him in said District of Kansas, and his original bond of $7,500.00 was reduced to the amount of $1,500.00, and defendant informed me that he wished to plead Rule 20 and was waiving the necessity of removing him to the District of Kansas. Defendant admitted his identity and was committed to Webb County Jail pending further proceedings under said Rule 20.

"Defendant was not represented by counsel and the government was represented by Leopoldo E. Armijo, Special Agent, FBI."

On September 9, 1963, at the Laredo term of the Southern District of Texas,

Shores was convicted on his plea of guilty. From that judgment, Shores took no direct appeal. Instead, he has filed two motions under 28 U.S.C. § 2255. In his earlier motion he complained that he was without counsel at the time of his arraignment and sentencing. In denying that motion, the district court stated:

"Petitioner is a highly intelligent individual, 43 years of age, with a long series of convictions over a period of some 25 years. He has spent a great part of this period of time in various State and Federal penitentiaries. * * *

" * * * The court reporter's notes reflect that the quotation in the petition as to what transpired on arraignment before this Court is substantially correct. It appears that petitioner advised the Court that he did not have counsel; that the Court asked if he wanted appointed counsel; that petitioner answered, 'Under the circumstances, I do not believe I need one'; the Court then asked if petitioner waived counsel, and he replied in the affirmative."

The grounds for the present motion are stated as follows:

"(a) Petitioner states he was not represented by counsel at, before nor after he allegedly signed an application to ask the court to waive Rule Twenty (20) and permit him to enter a plea of guilty in the above named court.

"(b) Petitioner further states that at the time of the alleged signing of said document; he was a patient in the Mercy Hospital; suffering from a fractured right shoulder and under the influence of narcotics. Thus this condition caused him to be mentally incompetent, and unable to fully comprehend his actions."

For purposes of this appeal we assume the facts stated in appellant's brief to be true:

"Appellant was committed to the Webb County Jail on June 10, 1963, where he remained until July 1, 1963, and on this date appellant accidentally sustained a fracture to his right shoulder. A few hours later on July 1, 1963, appellant was removed from the jail and transferred to Mercy Hospital where he was admitted, suffering from a fracture (sic) right humerus. On July 11, 1963, appellant was discharged from Mercy Hospital and was immediately recommitted to the Webb County Jail where he remained until the day of sentencing on September 24, 1963. It was sometime during appellant's stay at the hospital that the government alleges he signed a 'consent to transfer of case for plea and sentence (under Rule 20)'. Also during appellant's ten (10) day stay in the hospital he was administered a narcotic drug called demerol at the rate of 100 mgms prn for pain each day. See medical report entered and marked exhibit #1."

If those facts stood alone, a hearing would be required to determine whether Shores knowingly and understandingly consented under Rule 20 to the transfer of the case for plea of guilty and sentence. However, Shores' rights were explained to him both before and after he signed the Rule 20 statement, at times when he makes no claim to mental incompetence. On each of those two occasions, he refused the offer of counsel and knowingly and voluntarily elected to proceed under Rule 20.

■ Shores' having refused the Commissioner's offer of counsel, it was not necessary that the offer be repeated before he signed the consent to transfer under Rule 20. See Nanney v. United States, 10 Cir. 1962, 301 F.2d 57, 58.

■ The effect of Shores' present motion requires that it be tested by the rule that the court may set aside the judgment of conviction and permit the defendant to withdraw his plea of guilty after sentence only "to correct manifest injustice." Rule 32(d), Federal Rules of Criminal Procedure. There is no pretense or showing of innocence.

Even if Shores entered the plea with the misunderstanding that by signing the consent to the transfer of the case he waived his right to plead not guilty, that would not constitute such manifest injustice as would entitle him to have the judgment and sentence vacated in order that he might withdraw his plea of guilty. Nanney v. United States, supra.

The judgment is therefore affirmed.