**Louis J. SNOWDEN, Jr., Petitioner-Appellant,**

v.

**P. G. SMITH, Warden, United States Penitentiary, Terre Haute, Indiana, Respondent-Appellee.**

**No. 16627.**

United States Court of Appeals Seventh Circuit.

July 7, 1969.

R. Michael Stillwagon, Chicago, Ill., for petitioner-appellant.

K. Edwin Applegate, U. S. Atty., Robert B. Keene, David L. Casterline, Asst. U. S. Atty., Southern District of Ind., Indianapolis, Ind., for respondent-appellee.

Before CASTLE, Chief Judge, FAIRCHILD, Circuit Judge, and ESCHBACH, District Judge.[1]

ESCHBACH, District Judge.

This is an appeal from the district court's denial, following an evidentiary

1. Judge Eschbach is sitting by designation from the Northern District of Indiana.

hearing, of appellant Snowden's petition to vacate his sentence pursuant to 28 U.S.C. § 2255 (1964). The principal issue presented is whether or not Snowden's right to the advice of an attorney was violated when he executed a consent to the transfer of criminal proceedings, pursuant to Rule 20, Federal Rules of Criminal Procedure, without the benefit of an attorney's presence and advice. The judgment of the district court will be affirmed.

Snowden was incarcerated in the federal penitentiary in Terre Haute, Indiana, in the Southern District of Indiana, under a twenty-year sentence for bank robbery imposed by the district court for the Western District of Tennessee on September 9, 1964. On November 10, 1964, a grand jury sitting in the District of Maryland returned an indictment against Snowden, a man named Peacock, and another. Then, in January 1965, an FBI agent visited Snowden at the Terre Haute penitentiary and requested him to execute a consent to transfer the Maryland proceedings to the Southern District of Indiana, where he was then being held, for a guilty plea and sentencing. Snowden was not represented by counsel when he signed the appropriate documents. Pursuant to the consent, Snowden appeared before the federal district judge in Terre Haute on February 3, 1965, at which time he *was* represented by court-appointed counsel, pleaded guilty to the Maryland bank robbery, and was sentenced to serve fifteen years consecutively to the sentence from the Tennessee court. On March 14, 1965, Snowden sent a letter to the sentencing judge in the Southern District of Indiana which the judge treated as a petition to vacate his sentence pursuant to 28 U.S.C. § 2255 (1964). On May 6, 1965, the matter came before another judge of the Southern District of Indiana who conducted an evidentiary hearing at which Snowden was represented by appointed counsel. The petition was denied and Snowden appealed.

**I**

When a person executes a consent to transfer under Rule 20, he states that he wishes to plead guilty, and he waives his right to be tried in the district in which the indictment or information was returned. Fed.R.Crim.P. 20. Snowden argues, since he was not represented by counsel when he gave up these valuable rights, that his waiver was not made voluntarily and with an understanding of the consequences and therefore that his sentence must be vacated. This argument overlooks the fact, however, that the waiver accomplished by signing a Rule 20 consent may be revoked when the defendant comes before the judge for plea and sentencing. Rule 20 expressly permits a defendant to plead not guilty, in which event the file is sent back to the district which returned the indictment, and a trial is then conducted in that district. The inquiry therefore must turn to the events that transpired when Snowden appeared for plea and sentencing because if Snowden then understood that he could revoke his earlier consent, yet voluntarily and with understanding declined to do so, the earlier violation of Snowden's rights, if any there was, would be rendered harmless.

The district court in this proceeding expressly found that Snowden was properly informed of the possible consequences of his guilty plea in the Southern District of Indiana. The attorney who represented Snowden at the plea and sentencing testified that he had met with Snowden on two separate occasions prior to the court appearance and had explained the options to him—that he could plead guilty in the Southern District of Indiana, plead guilty in the District of Maryland, or plead not guilty and be returned to Maryland for trial. The district court found that no prejudice had resulted to Snowden as a result of his signing the Rule 20 consent without the benefit of counsel. The record supports these findings.

## II

Snowden raised three other points in his brief, but these were not pressed at oral argument. Snowden's first point is that it was error to sentence him when his codefendant, Peacock, was sentenced by another judge in another district. The asserted basis of the error is that this procedure lends itself to the imposition of disparate sentences for codefendants. Snowden also argues, flatly, that Rule 20 transfers may not be used in multiple-defendant situations.

██ When one codefendant is arbitrarily singled out for an unjustifiably heavy sentence, a court will, in exceptional cases, interfere with the sentencing court's discretion. Simpson v. United States, 342 F.2d 643 (7th Cir. 1965); United States v. Wiley, 278 F.2d 500 (7th Cir. 1960). Nothing in this record, however, indicates that Snowden was the victim of any such discrimination. The record does not even show the sentence that his codefendant, Peacock, received. And there is no unqualified bar to the use of Rule 20 transfers in multiple-defendant cases as Snowden urges. Yeloushan v. United States, 339 F.2d 533 (5th Cir. 1964).

█ Appellant's next argument is that since he was never "arrested" in the Southern District of Indiana, Rule 20 transfers may not be used as to him. This contention is based on the fact that Rule 20 provided at the time Snowden consented to the transfer that "[a] defendant *arrested* in a district other than that in which the indictment * * * is pending against him * * *" may consent to a transfer of the proceedings. (Emphasis added.) Snowden points out that the rule was amended in 1966 to read "[a] defendant arrested *or held.* * * *" This argument must be rejected, however, because the 1966 amendment was intended merely to clarify the previously existing law and did not change the law. Clark v. United States,

367 F.2d 378 (5th Cir. 1966). *Cf.* United States v. Amabile, 395 F.2d 47 (7th Cir. 1968).

Snowden's final point relates to events that transpired when he was sentenced. The attorney for the United States called to the attention of the sentencing judge a bank robbery in Texas which Snowden admitted committing. The judge asked Snowden and his attorney whether or not they wished the judge to take this into consideration in passing sentence on the Maryland charge even though it would mean a stiffer sentence "and thus commit the government never to prosecute [Snowden] for [the Texas] offense hereafter. * * *" Snowden and his attorney conferred briefly and told the judge that they wished him to consider the Texas matter. The judge then imposed a fifteen-year consecutive sentence. Snowden claims that this procedure denied him due process of law.

██ It is plain that no prejudice resulted to the petitioner. There can be no question that the judge had the authority, if not the duty, to consider the Texas offense. United States v. Doyle, 348 F.2d 715 (2d Cir. 1965). Second, the sentence imposed was well within the statutory maximum of twenty-five years. Finally, any claims by Snowden as to double jeopardy are premature and speculative. The record does not show a commitment by the United States attorney in the Texas district not to prosecute for the Texas offense, but such commitment would be consistent with a common practice and may have been obtained. Appellant suffered no prejudice.

Appellant on this appeal was represented by court-appointed counsel, Mr. R. Michael Stillwagon of the Chicago Bar. The court expresses its appreciation for counsel's vigorous representation of his client.

The judgment of the district court is affirmed.