**Ralph Charles ROETH, Petitioner-Appellant,**
v.
**UNITED STATES of America, Respondent-Appellee.**
No. 27542
**Summary Calendar.**

United States Court of Appeals
Fifth Circuit.
Sept. 30, 1969.

Ralph Charles Roeth, pro se.

Eldon B. Mahon, U. S. Atty., Robert S. Travis, Charles D. Cabaniss, Asst. U. S. Attys., Fort Worth, Tex., for respondent-appellee.

Before GEWIN, GOLDBERG and CARSWELL, Circuit Judges.

PER CURIAM:

Appellant Roeth brings this appeal from the district court's denial of his motion under 28 U.S.C. § 2255 to set aside the sentence imposed on him for violation of the Dyer Act, 18 U.S.C. § 2312. We affirm.[1]

On March 15, 1965, Roeth entered a plea of guilty in the United States District Court for the Northern District of Texas to the charge of having knowingly transported a stolen motor vehicle from Louisiana to California. The case had been transferred to the district court in Texas from the Southern District of California pursuant to Rule 20, F.R.Crim.P. In his current § 2255 effort Roeth contends that his conviction was constitutionally defective since he did not have the advice of counsel at the time he executed the consent to transfer required by Rule 20.[2]

1. Pursuant to new Rule 18 of the Rules of this court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 409 F.2d 804, Part I (5th Cir. 1969).

2. Roeth has filed earlier § 2255 motions in the same district court seeking to set aside this and another Dyer Act conviction. After a thorough evidentiary hearing, the district court denied relief on each of these motions. On appeal we affirmed the district court, holding *inter alia*, that in the pre-Miranda setting of this case, Roeth was adequately advised

■ We find no merit in Roeth's contention and agree with the statement of the Tenth Circuit Court of Appeals in Nanney v. United States:

Of course, an accused is entitled to the aid of counsel throughout the trial proceedings. But it is not essential to the validity of a consent to transfer under Rule 20 that it be signed in open court. * * * And such consent is not such an integrated part of the judicial proceedings that giving it without the aid of counsel in connection therewith constitutes a deprivation of any right protected by the Constitution which renders invalid subsequent proceedings in the court to which the case is transferred.[3]

■ The rule we recognize here does not prejudice the criminal defendant. The execution of a consent to a Rule 20 transfer does not irrevocably bind him to a plea of guilty or even to a venue change.

Counsel summoned after consent has been given, is in no way hampered in advising his client. Prior to entering a plea all options remain open.

The record of the present case shows that after Roeth had executed the consent to transfer, he was advised of his right to have counsel appointed to represent him. On three separate occasions during the proceedings in which he entered his guilty plea, he was informed of his right to contest the charges against him by having the case remanded to California for trial.

■ In view of the repeated statements in the district court outlining his options, the fact that Roeth did not have counsel at a time when he might have been advised to change his course of action must be deemed the result of his own knowing and intelligent election.

Affirmed.

of his right to counsel which he intelligently waived. Roeth v. United States, 380 F.2d 755 (5th Cir. 1967), cert. denied 390 U.S. 1015, 88 S.Ct. 1266, 20 L.Ed. 165.

3. 301 F.2d 57, 58 (10th Cir. 1962). *See* Shores v. United States, 352 F.2d 485 (5th Cir. 1965), cert. denied 382 U.S. 1029, 86 S.Ct. 653, 15 L.Ed.2d 542.