UNITED STATES of America, Plaintiff-Appellee,

v.

Harry Edwin SPRAGG, Defendant-Appellant.

No. 30769

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

March 4, 1971.

Harry Edwin Spragg, pro se.

James R. Gough, Asst. U. S. Atty., Houston, Tex., Anthony J. P. Farris, U.

* ▮ Rule 18, 5 Cir.; *see* Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

S. Atty., Houston, Tex., for plaintiff-appellee.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

PER CURIAM:

This is an appeal from the denial of appellant's motion for new trial and for leave to withdraw his plea of guilty to two counts of mail fraud in violation of 18 U.S.C. § 1341.

The record discloses that the indictment was returned in the Southern District of Texas. The case was subsequently transferred to the Middle District of Florida, where the appellant attempted to plead guilty to the offense charged. Because of appellant's vacillation in admitting his guilt, however, the district judge in the Middle District of Florida refused to accept a guilty plea. The case was then retransferred to the Southern District of Texas, and here again, because of the continued vacillation of the appellant, his proffered plea of guilty was refused and a trial was ordered. After the trial was ordered, appellant requested that he be rearraigned so that he might attempt still another time to plead guilty. This time his plea was accepted.

Approximately eight months after judgment was entered on appellant's guilty plea, he filed a motion in the court below requesting a new trial and seeking to withdraw his guilty plea, claiming (1) that his plea was involuntary; (2) that the district court failed to comply with Federal Rule of Criminal Procedure 11 in accepting the plea; (3) that appellant had not received effective and adequate assistance of counsel in making his plea; (4) that the district court erred in refusing to appoint counsel to represent appellant in his post-conviction motion; (5) that the district court failed to order an evidentiary hearing to develop issues outside the record; (6) that the indictment was fatally defective and thereby deprived the court of jurisdiction; and finally (7) that appellant was denied the Sixth Amendment right to a speedy and public trial.

The court below denied this motion without opinion.

After examining the record very carefully, we find that it contains virtually no support for any of appellant's contentions. Contrary to what the appellant would have this Court believe, the record shows that the judge who finally accepted appellant's guilty plea took great pains to assure that the defendant was making a voluntary plea of guilty with an understanding of the consequences of his act. Moreover, appellant alleged not one iota of "newly discovered evidence" to support his motion for new trial.

The law is clear that the granting of motions for new trial and motions to withdraw a guilty plea are discretionary with the trial court, and that an appellate court will rarely interfere with the exercise of this discretion. Lacaze v. United States, 5th Cir. 1968, 391 F.2d 516, 522; Shores v. United States, 5th Cir. 1965, 352 F.2d 485; C. Wright, Federal Practice and Procedure §§ 537, 559 (1969).

Finding no abuse of discretion in this case, we affirm.

Affirmed.