**Howard Lee WHITE, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 71-1195.**

United States Court of Appeals, Ninth Circuit.

May 28, 1971.

Rehearing Denied July 8, 1971.

---

Howard Lee White, in pro. per.

Harry D. Steward, U. S. Atty., Robert H. Filsinger, Chief, Criminal Division, Phillip W. Johnson, Special Asst. U. S. Atty., San Diego, Cal., for appellee.

Before ELY, WRIGHT and KILKENNY, Circuit Judges.

PER CURIAM:

White appeals from the district court's order denying without a hearing, his 28 U.S.C. § 2255 motion.

The record clearly establishes that the appellant's multitude of complaints were painstakingly considered and rejected by the trial judge. Our independent examination of the record leads us to the same conclusions. White v. United States, 354 F.2d 22 (9th Cir. 1965), resolves many of the issues against appellant. Our facts do not fit Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967), appellant's main case. The reporter's transcript of the March, 1963, proceedings clearly supports the lower court's findings on the remaining issues.

Implicit in the decision on White's previous appeal [1] is a conclusion that he was not entitled to counsel at the *time of signing* the "Consent to Trans-

fer" under Rule 20, F.R.Crim.P. This conclusion is warranted by Meyer v. United States, 424 F.2d 1181, 1192 (8th Cir. 1970); Roeth v. United States, 417 F.2d 94 (5th Cir. 1969); Nanney v. United States, 301 F.2d 57 (10th Cir. 1962). Appellant's reliance on Rini v. Katzenbach, 403 F.2d 697 (7th Cir. 1968) is completely misplaced. In *Rini*, the accused actually entered a plea of guilty while under the belief he was not entitled to an attorney. He was never advised of his right to an attorney before entry of his guilty plea. Here, prior to the entry of the plea of guilty, appellant was advised of his right to counsel and that counsel would be appointed for him if he was indigent. He declined the offer.

Affirmed.

1. 354 F.2d 22, 23 (9th Cir. 1965).