Aaron Lawrence **FARR**, Petitioner-Appellant,

v.

**UNITED STATES** of America, Respondent-Appellee.

No. 72–1138.

United States Court of Appeals, Ninth Circuit.

July 3, 1972.

Aaron Lawrence Farr, in pro. per. George W. Hargraves, for petitioner-appellant.

Sidney E. Smith, U. S. Atty., Thomas C. Frost, Asst. U. S. Atty., Boise, Idaho, for respondent-appellee.

Before HAMLEY, DUNIWAY and WRIGHT, Circuit Judges.

WRIGHT, Circuit Judge:

This is an appeal from an order denying without a hearing, a motion to vacate, set aside or correct sentences under 28 U.S.C. § 2255. We affirm.

Farr contends that he was denied adequate counsel, that he did not knowingly waive counsel at the time of signing consent forms under Rule 20, and that the trial judge in determining the sentences imposed relied on materially false and misleading information in the presentence report.

Farr was arrested in Pocatello, Idaho, and charged with interstate transportation of stolen, forged or counterfeited securities. On February 2, 1971, accompanied by appointed counsel, he pleaded guilty. He was transferred to Boise, Idaho, to await sentencing.

Similar charges were pending against Farr in other districts. He appeared before a United States Magistrate in Boise on February 19, 1971, waived his right to counsel and signed the requisite forms under Rule 20, F.R.Crim.P., indicating that he intended to plead guilty to a four-count information originating in the District of Utah and a one-count indictment originating in the Central District of California and that he consented to the transfer of these charges to the District of Idaho.

He retained new counsel and appeared on March 22, 1971 for sentencing on the Idaho charges and arraignment on the Utah and California charges. He pleaded guilty to the transferred charges and was sentenced for all offenses.

Farr reappeared with retained counsel on March 25, when it was explained to him that the Utah charges had been by information and that he had a right to grand jury indictment. Sentence on the Utah charges having been vacated, he was rearraigned, waived indictment, pleaded guilty and received the sentence previously imposed.

Although the consent forms recite on their faces that Farr waived his right to counsel at the time of signing, and although this waiver is initialed by the United States Magistrate, Farr claims that his waiver was not a knowing one.

However, it has been held in three circuits that absence of counsel at the time of signing Rule 20 consent forms is not a deprivation of counsel under the Sixth Amendment. Rule 20 specifically provides that after transfer an accused may still plead not guilty and the prosecutions will be returned to the districts in which they were commenced. Thus it is sufficient that counsel be adequate at the time of the subsequent proceedings when consent could be withdrawn, i. e., at time of plea. Roeth v. United States, 417 F.2d 94 (5th Cir. 1969); Snowden v. Smith, 413 F.2d 94 (7th Cir. 1969); Nanney v. United States, 301 F.2d 57 (10th Cir. 1962). Since counsel was not required, the adequacy of the waiver is not significant.

A review of the record indicates that Farr was represented by appointed or retained counsel at all critical stages of the proceedings and that this representation was constitutionally adequate. Wright v. Craven, 412 F.2d 915, 917 (9th Cir. 1969); Borchert v. United States, 405 F.2d 735, 738 (9th Cir. 1968), cert. denied 394 U.S. 972, 89 S.Ct. 1466, 22 L.Ed.2d 753 (1969); Reid v. United States, 334 F.2d 915 (9th Cir. 1964).

Farr's final claim is that the trial court relied on materially false and misleading information in determining his sentence. He urges that the presentence report erroneously stated that he had failed to support his children as required by a 1966 divorce decree.

However, the order of the district court correctly recites:

"The record clearly shows that the matter of petitioner's child support payments was raised by petitioner and that the court stated that the information, correct or not, would be of no

consequence in the imposition of sentences."

Farr's other attacks on the presentence report do not bring his case within this court's decision in United States v. Weston, 448 F.2d 626 (9th Cir. 1971). *Cf.* Rodrigues v. United States, 460 F.2d 1266 (9th Cir. 1972); United States v. Chewning, 458 F.2d 381 (9th Cir. 1972).

Affirmed.