**Cecelia Mae TUCKER, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 72–1357.**

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 8, 1972.

Decided Dec. 18, 1972.

---

Bruce C. Houdek, Federal Public Defender, Kansas City, Mo., filed typewritten brief for appellant.

Bert C. Hurn, U. S. Atty., and Sheryle L. Randol, Asst. U. S. Atty., Kansas City, Mo., filed brief for appellee.

Before MEHAFFY, BRIGHT and STEPHENSON, Circuit Judges.

PER CURIAM.

After a plea of guilty and sentence to 7 years imprisonment upon two counts of an indictment charging a conspiracy to receive, buy and sell narcotics, appellant filed a motion in the District Court pursuant to Title 28 U.S.C. § 2255 to set aside her plea of guilty and to vacate the sentence imposed by the Court. She alleged (1) that she had been coerced to plead guilty by a promise of counsel that she would receive only the minimum 2-year sentence on each count or a total of 4 years and (2) that she was induced to plead guilty because of evidence obtained by the Government through an illegal wiretap, and that had she known such evidence was inadmissible she would not have plead guilty.

The trial court (The Honorable Elmo B. Hunter) after conducting a full evidentiary hearing on the motion to vacate sentence denied the same upon the grounds that (1) the record revealed that petitioner had entered her plea of guilty freely and voluntarily and after full compliance with Rule 11 Fed.R. Crim.P. and therefore her plea of guilty was valid and (2) petitioner's counsel believed the Government had sufficient evidence to convict petitioner notwithstanding the wiretap and petitioner was so advised, thus her plea of guilty was not compelled by the wiretap evidence. We affirm.

Petitioner initially appeared before the Court with retained counsel and entered a plea of not guilty to seven counts of a multiple count indictment brought against her and several other co-defendants. Since petitioner's retained counsel represented several of the defendants in this cause and there appeared a potential conflict of interest among the various defendants, the Court offered to appoint other counsel to represent petitioner. Upon her oral request this was done. Several months later petitioner appeared before the Court and withdrew her plea of not guilty to counts 7 and 26 of the indictment and entered a plea of guilty. At that time counsel for the Government advised the Court in the presence of the petitioner that he would later seek leave of court to dismiss 5 other counts pending against her. Thereupon the Court, before accepting the plea of guilty, addressed petitioner personally in full compliance with Rule 11 Fed.R.Crim.P. and determined that the plea was made voluntarily with understanding of the nature of the charge and the consequences of the plea.

"Rule 11 proceedings are not an exercise in futility. The plea of guilty is a solemn act not to be disregarded because of belated misgivings about the wisdom of the same" [footnote omitted]. United States v. Woosley, 440 F.2d 1280, 1281 (CA 8 1971). Where Rule 11 has been fully complied with, the resultant plea will not be taken lightly. Those who seek to impeach their plea belatedly carry a heavy burden. In the instant case the record in the postconviction hearing abundantly supports the finding of the trial court that no promises had been made to petitioner as to the sentence she would receive upon a plea of guilty. Her plea was valid.

Petitioner's contention that she was motivated to plead guilty because of the evidence obtained through the illegal wiretap is, likewise, not supported by the record. It was her counsel's view that the Government had enough evidence notwithstanding the wiretap and she was so advised.[1] In addition, a competently counseled defendant may not impeach his plea of guilty in collateral proceedings upon the mere assertion that his counsel may have misjudged the admissibility of certain evidence. McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); Parker v. North Carolina, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785 (1970); Brady v. United States, 397 U. S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970).

Petitioner's reliance on Scogin v. United States, 446 F.2d 416 (CA8 1971) is misplaced. There our court recognized, at 420, that McMann, Parker and Brady "presented the possibility that even with the knowledge of a later judicial decision, the accused may still have chosen to plead guilty in light of the strength of the government's evidence against him or in the hope of leniency. However, there can be no doubt that an accused charged with a violation of § 4744(a) would not have plead guilty, but would have invoked the defense of self-incrimination had he been aware that the mere assertion of the privilege would afford a complete bar to his conviction and punishment." Such is not our case. As indicated, evidence aside from the wiretap appeared sufficient to warrant a conviction.

Petitioner's contention that Title 18 U.S.C. § 2518(10) permits her to challenge the wiretap subsequent to trial because she was not aware prior to her plea of guilty that evidence was in part obtained through the use of wiretap is wholly unsupported by the evidence. Although not gone into in depth, it is clear that counsel discussed the matter with her.[2] The plea of guilty having been voluntarily and understandingly made is conclusive on the issue of guilt and waives all non-jurisdictional defects in the proceedings against petitioner. Scogin, supra at 419; Parrott v. Brewer, 421 F.2d 1386, 1388 (CA8 1970); Cantrell v. United States, 413 F.2d 629, 632 (CA 8 1969).

Affirmed.

---

[1.] In this connection we note that the trial court in its memorandum stated: "It should be noted that, at the trial of certain of petitioner's co-defendants in the same criminal cause, the testimony of an informant and another of petitioner's co-defendant was adduced on behalf of the Government in support of its case."

[2.] We are also advised by the Government in its brief that the wiretap now assailed is the very same wiretap that has recently been upheld as valid by this Court in United States v. Cox et al., 462 F.2d 1293 (CA8 1972).