Jimmy William HUFFMAN, Appellant,

v.

STATE OF MISSOURI, Appellee.

No. 75–1557.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 12, 1975.

Decided Jan. 21, 1976.

R. Thomas Day, Asst. Federal Public Defender, Kansas City, Mo., for appellant.

Paul Robert Otto, Asst. Atty. Gen., Jefferson City, Mo., for appellee.

Before LAY, BRIGHT and HENLEY, Circuit Judges.

PER CURIAM.

This is an appeal from a denial of a writ of habeas corpus brought under 28 U.S.C. § 2254. Petitioner exhausted his remedies in state court and was denied relief. *See Huffman v. State,* 451 S.W.2d 21 (Mo.1970); 487 S.W.2d 549 (Mo.1972). Petitioner is a Missouri state prisoner who pled guilty to first degree murder in state court and on October 8, 1946, was sentenced to life in prison. At the time of his guilty plea, petitioner was 16 years of age. The only claim presented on his federal appeal is that the federal district court, the Honorable Elmo B. Hunter, erred in refusing to set his guilty plea aside on the ground that he lacked effective assistance of counsel.

The crime occurred near West Plains, Missouri, on or about July 1, 1946. One Oscar Hayes was found robbed and shot to death in his home. Jimmy William Huffman was apprehended four days later in Baton Rouge, Louisiana, where his mother lived. Hayes' car and one of his neighbor's shotguns were found in Arkansas. Petitioner's fingerprints were found on the abandoned car.

The petitioner now asserts that he was coerced by Louisiana authorities into making both a written and oral confession. He asserts that he subsequently pleaded guilty because he was informed by counsel that, due to the confessions, he would receive the death penalty if he went to trial. Petitioner also claims that his attorneys did not adequately investigate the facts surrounding the alleged confessions and did not advise him that the confessions would be inadmissible because coercion was used.

■ Petitioner's quest for freedom led to evidentiary hearings in both the state and federal courts. A thorough record has been made and petitioner's counsel, as well as the state, have diligently reconstructed all available facts and have presented excellent briefs in the district court and on appeal. Both sides concede that the voluntariness of a counseled plea under these circumstances depends on whether the attorney's advice was within the range of competency demanded of attorneys in criminal cases. *McMann v. Richardson,* 397 U.S. 759, 770–71, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). We have reviewed the overall record and the findings of Judge Hunter.

■ Petitioner challenges Judge Hunter's finding that no confession was ever given to Louisiana authorities. Although there was conflicting evidence on this point, we cannot say that Judge Hunter's finding was clearly erroneous. There is substantial evidence to support this finding. Furthermore, as petitioner acknowledges, even assuming there was a confession, he must also show that in 1946, his counsel failed to properly inves-

tigate the facts concerning the confession and advise him correctly.

Judge Hunter, in a thorough 25-page opinion, found:

Petitioner's primary contention in the instant petition is that his plea of guilty was not understandingly or intelligently made due to the ineffective assistance of his appointed counsel. From the evidence adduced, the Court finds that petitioner's counsel provided assistance to petitioner which was constitutionally adequate. Contrary to the assertions of petitioner, the Court finds that Mr. Hyder did in fact fully investigate the facts surrounding the crime charged against petitioner, including the circumstances surrounding petitioner's statements to authorities. Mr. Hyder was appointed as co-counsel to represent petitioner approximately two and one-half months prior to the date of petitioner's plea. Prior to the plea, Mr. Hyder interviewed witnesses, made numerous inquiries as to the presence of confessions or statements made by the petitioner, investigated the possibilities of coercion of confessions or statements, and in summary fully investigated all aspects of petitioner's criminal charges. During his independent investigation, and on several occasions prior to petitioner's plea of guilty, Mr. Hyder discussed various aspects of the case with petitioner. During these discussions, petitioner was advised of the possibilities of a change of venue, the possible effects of adverse pretrial publicity, the possibility of a change of judge, and the possibilities of conviction on a lesser included offense, including the penalties applicable thereto. Mr. Hyder specifically advised petitioner that a plea of guilty would be a waiver of his right to trial and a waiver of his right to appeal. Mr. Hyder testified, and the Court finds his testimony credible, that prior to petitioner's plea of guilty, he had determined that the prosecuting authorities had evidence apart from any statement given by petitioner which would establish the guilt of

petitioner for the crime charged. However, Mr. Hyder explained to petitioner that he was fully prepared to take petitioner's case to trial and that the decision of whether or not to enter a plea of guilty was the petitioner's decision.

The evidence adduced establishes that petitioner was fully advised prior to his plea of guilty of the possibilities of a change of venue, and the consequences which could result therefrom; of the possibilities of a change of trial judge; of the possibilities of conviction on a lesser included offense and the penalties applicable thereto; and of the fact that his plea of guilty would be a waiver of his right to trial and appeal. Thus, petitioner's contentions that his counsel was ineffective or incompetent in failing to consider and advise petitioner of these matters are without merit.

Petitioner's allegations that his counsel was ineffective in failing to investigate the circumstances surrounding petitioner's alleged confession to Louisiana authorities, and in failing to competently advise petitioner with regard to any confession are also without merit. The record in this case does not establish that petitioner did in fact make a confession of his crimes to authorities in Louisiana. And in any event, petitioner's counsel, Mr. Hyder, did fully investigate to determine if such a confession was available for use at petitioner's trial. His investigation disclosed that there was no such confession to be used at trial. That conclusion is supported by the testimony of the prosecuting attorney of Howell County at the time of petitioner's plea which was to the effect that he had no confession given to Louisiana authorities for use at petitioner's trial. It is worthy to note that Mr. Hyder did in the course of his investigation determine that petitioner had made several incriminating statements to authorities in Missouri subsequent to his return to Missouri for trial on the charge of murder. Petition-

er makes no claim that any of these statements were involuntary, but rather in his Rule 27.26, V.A.M.R. hearing testified that he was well treated upon his return to Missouri.

Under the circumstances, petitioner has failed to establish that his plea of guilty was unintelligent due to the ineffective assistance of counsel. The testimony and evidence received and reviewed by the Court establishes that Mr. Hyder fully investigated all aspects of the charges against petitioner and provided him representation and advice which was reasonably competent. From the circumstances it cannot be said that petitioner's plea of guilty was unintelligent due to anything his counsel did or failed to do. . . . The decisions made prior to petitioner's plea of guilty regarding whether or not to request a change of venue or to attempt to disqualify the trial judge were decisions of trial strategy which were made after discussion of the alternatives with petitioner. Petitioner's counsel's conduct in making these decisions or including petitioner in discussions of the possible alternatives in trial strategy was in no way constitutionally inadequate or ineffective. Clearly, counsel's investigation of petitioner's criminal charges was well within the realm of reasonable competency. . . . The Court finds that petitioner's decision to plead guilty clearly rested on the good faith evaluations and advice of his attorney which was within the range of competency demanded of attorneys in criminal cases.

*Huffman v. Missouri,* 399 F.Supp. 1196 at 1202–1204 (W.D.Mo.1975).

The record amply supports these findings. We cannot say on review they are clearly erroneous.

Judgment affirmed.