**Bobby Joe OLLES, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 77–1509.**

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 14, 1978.

Decided Feb. 21, 1978.

**818**

Bobby Joe Olles, pro se.

W. H. Dillahunty, U. S. Atty., and A. Doug Chavis, Asst. U. S. Atty., Little Rock, Ark., for appellee.

Before LAY, ROSS and BRIGHT, Circuit Judges.

PER CURIAM.

On April 25, 1974, Bobby Joe Olles pleaded guilty to a charge of robbing the Mayflower, Arkansas branch of the First State Bank and Trust Company of Conway, Arkansas, the deposits of which were insured by the Federal Deposit Insurance Corporation, in violation of 18 U.S.C. § 2113(d). He was represented by privately retained counsel at the guilty plea proceeding and at sentencing.[1]

Olles petitioned for vacation of his sentence, pursuant to 28 U.S.C. § 2255, challenging the validity of his guilty plea. The trial court held an evidentiary hearing at which Olles was represented by appointed counsel, and the court subsequently denied Olles' petition. The court found that Olles' plea was freely, voluntarily and intelligently made, and that he was adequately represented by counsel throughout the proceedings against him.

On appeal Olles contends that the district court erred in finding that his plea was voluntary. He argues that his counsel failed to discuss with him, or correctly advise him as to, the admissibility of certain evidence, including an allegedly coerced confession, identification testimony based on a lineup, and money taken in the robbery. We find that the trial court fully complied with the requirements of Rule 11 of the Federal Rules of Criminal Procedure in accepting Olles' plea, and Olles does not argue otherwise. Accordingly, although his attack upon the voluntary and intelligent nature of the plea is not foreclosed, Olles bears a "heavy burden." *See Tucker v. United States*, 470 F.2d 220, 221 (8th Cir. 1972), *cert. denied*, 412 U.S. 929, 93 S.Ct. 2758, 37 L.Ed.2d 157 (1973). To successfully

---

1. Bobby Joe Olles received a six-year sentence after pleading guilty to bank robbery in violation of 18 U.S.C. § 2113(d).

challenge the voluntariness of his plea, Olles must show that the advice he received from counsel was not "within the range of competence demanded of attorneys in criminal cases." *McMann v. Richardson,* 397 U.S. 759, 771, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763 (1970). *See also Tollett v. Henderson,* 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973); *Huffman v. Missouri,* 527 F.2d 899, 900 (8th Cir.), *cert. denied,* 426 U.S. 924, 96 S.Ct. 2634, 49 L.Ed.2d 379 (1976).

■ We find substantial evidence to support the trial court's determination that Olles' counsel was reasonably competent. At the post-conviction hearing, Olles' attorney, whom the trial court apparently found to be credible, testified that he had at least three conversations with Olles. He stated that he informed Olles of the government's evidence and that he discussed its admissibility with him; that he informed Olles of the government's agreement not to use as evidence the money taken in the robbery which Olles gave to his attorney and which his attorney turned over to the government;[2] and that, although he concurred in Olles' decision to plead guilty, he did not suggest the plea. Given the nature of the evidence against Olles, which included eyewitnesses and money taken in the robbery and given by Olles to his bondsman, it is difficult to conclude that his attorney's representation and advice was not reasonably competent. Having received competent representation by counsel, Olles may not collaterally impeach his guilty plea by asserting that his attorney misjudged the admissibility of his confession or other evidence. *McMann v. Richardson, supra,* 397 U.S. 759, 90 S.Ct. 1441; *Tucker v. United States, supra,* 470 F.2d at 222.

Olles' other allegations of misconduct by his attorney and the government cannot stand in the way of his conviction if factual guilt is established. *See Menna v. New York,* 423 U.S. 61, 62 n. 2, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975). Since there is substantial evidence to support the finding that Olles' admission of guilt was voluntary and intelligent, the conviction must stand. Accordingly, the judgment is affirmed.

---

2. Olles alleges that his attorney violated the confidentiality of the attorney-client relationship by turning over to the government money taken in the robbery and given by Olles to his attorney. Even if that allegation is true, the government's agreement not to use that money as evidence against Olles would have negated any coercive effect of Olles' attorney's conduct on Olles' decision to plead guilty.