145 F.3d 1343
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Juventino PADILLA, Defendant-Appellant.
 No. 95-17053.
D.C. No. CR. S-90-862 LKK.
D.C. No. Civ S-94-146 LKK.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 17, 1998.**
Decided May 7, 1998.
 
 Appeal from the United States District Court for the Eastern District of California, Lawrence K. Karlton, Chief Judge Emeritus, Presiding.
 Before SNEED and TROTT, Circuit Judges, and WALLACH, Judge.***
 
 
 1
 MEMORANDUM*
 
 
 2
 Juventino Padilla ("Appellant") appeals the district court's denial of his 28 U.S.C. § 2255 petition. Pursuant to a plea agreement, Appellant plead guilty to two counts of unlawful use of a communication facility in a drug trafficking offense in violation of 21 U.S.C. § 843(b). Appellant filed an appeal of his sentence which this Court dismissed because he had waived his right to appeal under the plea agreement. Appellant then filed this § 2255 petition. The district court adopted the magistrate judge's findings and recommendations and denied the petition. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.
 
 
 3
 I. Claim Of Ineffective Assistance Of Counsel
 
 
 4
 Appellant argues that he received ineffective assistance of counsel because his attorney allegedly had him plead guilty to crimes he did not commit, did not vigorously represent him and did not fully explain the proceedings. We review this issue de novo. Williams v. Raines, 783 F.2d 774, 776 (9th Cir.1986).
 
 
 5
 To support a claim of ineffective assistance of counsel, movant must first show that, considering all the circumstances, "counsel's representation fell below an objective standard of reasonableness." Strickland v. Washington, 466 U.S. 668, 687-88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Movant must identify the acts or omissions that are allegedly not the result of reasonable professional judgment. Id. at 690. "The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id.
 
 
 6
 Strong presumptions exist that counsel's performance falls within the "wide range of professional assistance," Kimmelman v. Morrison, 477 U.S. 365, 381, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986) (quoting Strickland, 466 U.S. at 689), and that counsel "exercised acceptable professional judgment in all significant decisions made." Hughes v. Borg, 898 F.2d 695, 702 (9th Cir.1990).
 
 
 7
 Second, movant must affirmatively prove prejudice. Strickland, 466 U.S. at 693. Prejudice exists when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.
 
 
 8
 Finally, once the court finds that counsel was ineffective, it must determine whether the entire trial was fundamentally unfair or unreliable because of counsel's ineffectiveness. Lockhart v. Fretwell, 506 U.S. 364, 369, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993).
 
 
 9
 Appellant argues that he was "subjected to subornation by his legal counsel." The record does not support Appellant's claim. Appellant has not shown that his attorney acted outside the "wide range of professional assistance", nor has Appellant shown prejudice. The plea agreement was explained to the Appellant, and it was entered into knowingly and voluntarily. See Clerk's Record ("C.R.") 79 at 4-6, 18-22. If Appellant had been convicted of the charges contained in the indictment his guideline range would have been 188 to 235 months, instead of the 96 months he received. Presentence Report at 8; Excerpts of Records 54. Appellant has not pointed to evidence that would have exonerated him. His attorney obtained a favorable disposition of the charges, and the claim of ineffective assistance fails.
 
 II. Claim Of Incorrect Guideline
 
 10
 Appellant argues the district court used the wrong sentencing guideline. This argument is precluded because it was not raised on direct appeal. See United States v. Schlesinger, 38 F.3d 485, 487 (9th Cir.1994) (nonconstitutional sentencing errors not raised on direct appeal are waived).
 
 
 11
 This argument is also precluded because Appellant waived his right to appeal. See United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir.1993) ("knowing and voluntary waiver of a statutory right is enforceable"). We review de novo the validity of a waiver of a statutory right to appeal. United States v. Bolinger, 940 F.2d 478, 479 (9th Cir.1991).
 
 
 12
 An express waiver of a right to appeal is valid only if knowingly and voluntarily made. Id. at 480. The circumstances surrounding the signing and entry of the plea agreement demonstrate that Appellant waived his right knowingly and voluntarily. C.R. 4-6, 18-22. Therefore, we lack jurisdiction to reach the sentencing issue.
 
 
 13
 III. Claim Of Coerced Statements In Presentence Report
 
 
 14
 Appellant argues that his co-defendant was coerced to make damaging statements about the Appellant which were included in Appellant's presentence report. While he admits that the codefendant made the statements, Appellant alleges that codefendant's attorney wrongfully coerced him to make the allegations.
 
 
 15
 Appellant waived any objection to his codefendant's allegedly false statement by failing to object at the time of sentencing or on direct appeal. See United States v. Donn, 661 F.2d 820, 824 (9th Cir.1981) ("A defendant waives his right to attack the presentence report through a § 2255 motion when he fails to avail himself of an opportunity to do so contemporaneously or on direct appeal."). Therefore, this argument lacks merit.
 
 IV. Claim Of Factual Innocence
 
 16
 Appellant argues that he did not make the two telephone calls that form the basis of the charges to which he plead guilty. Appellant's claim of factual innocence is not sufficient to state a claim for relief under § 2255. As noted in Herrera v. Collins, 506 U.S. 390, 405, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993), although a claim of actual innocence may be required to raise otherwise barred constitutional claims, a claim of actual innocence is not, by itself, a constitutional claim.
 
 
 17
 A defendant who has voluntarily and intelligently entered a guilty plea after having been advised by competent counsel, may not collaterally attack that plea. Mabry v. Johnson, 467 U.S. 504, 508, 104 S.Ct. 2543, 81 L.Ed.2d 437 (1984). As stated in Tucker v. United States, 470 F.2d 220 (8th Cir.1972), "[t]he plea of guilty is a solemn act not to be disregarded because of belated misgivings about the wisdom of the same." Id. at 221 (citation omitted). While a defendant's representations at the time of his guilty plea are "not invariably insurmountable" when challenging the voluntariness of his plea, the representations of the defendant, his lawyer, and the prosecutor, as well as any findings made by the judge accepting the plea, "constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 73-75, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977). Appellant has not breached that formidable barrier by stating that he did not make the telephone calls.
 
 V. Claim Of Incomplete Record
 
 18
 Appellant argues that the excerpts of records cannot be relied upon by the Court to render a just and fair decision because certain parts of the record were not included. The Court of Appeals decides cases on the entire record, including the full official transcript of proceedings in the district court. Fed.R.App.P. 10(a). Attachments to pleadings are for convenience only. The argument is without merit.
 
 
 19
 AFFIRMED.
 
 
 
 **
 The panel unanimously agrees that this case is appropriate for submission without oral argument pursuant to Fed.R.App.P. 34(a) and Ninth Cir.R. 34-4
 
 
 **
 * The Honorable Evan J. Wallach, United States Court of International Trade, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3