**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 2, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOSEPH FLORES,

Plaintiff - Appellant,

v.

C/O M. DELEVARQUEZ; SGT CARRY,

Defendants - Appellees.

No. 09-2240

(D. N.M.)

(D.C. No. 2:07-CV-01306-RB-LAM)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **SEYMOUR**, and **EBEL**, Circuit Judges.

On December 27, 2007, Joseph Flores filed a pro se complaint under

42 U.S.C. § 1983 against Defendants. He alleged that a correctional officer at the

Central New Mexico Correctional Facility (CNMCF), where he was incarcerated,

had entered his cell and pushed him backwards onto the concrete floor with a

malicious intent to cause unnecessary harm, in violation of his Eighth

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Amendment rights. In addition, Mr. Flores has alleged that he was retaliated against by being transferred to different facilities, having his property kept from him, and having legal materials and court mail kept from him and delayed past court time lines.

On September 8, 2008, the district court sua sponte dismissed Mr. Flores's claims against CNMCF–Wardens Security because the complaint contained no allegations linking that defendant to the alleged constitutional violation. After preparation of the court-ordered *Martinez* report, *see Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978), defense counsel moved to dismiss the complaint against all remaining defendants on the grounds that Mr. Flores had failed to exhaust administrative remedies and had failed to state a claim on which relief can be granted. The magistrate judge treated the motion as a motion for summary judgment so that it could consider additional factual material required to resolve the exhaustion issue. *See Whitesel v. Sengenberger*, 222 F.3d 861, 866 (10th Cir. 2000). The magistrate judge then recommended that the complaint be dismissed for failure to exhaust administrative remedies. The district court rejected Mr. Flores's objections to the recommendation and dismissed the case without prejudice. It denied Mr. Flores's motion for leave to file an amended complaint because the amendment would be futile.

On appeal Mr. Flores argues (1) that the district court erred in holding that he had failed to exhaust all available administrative remedies and (2) that it erred

in denying his motion to amend his complaint.[1]  We have jurisdiction under 28 U.S.C. § 1291 and affirm.

The Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), requires that a prisoner exhaust administrative remedies before filing a § 1983 action with respect to prison conditions.  "An inmate who begins the grievance process but does not complete it is barred from pursuing a [federal] claim under the PLRA for failure to exhaust his administrative remedies."  *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002).

The New Mexico Corrections Department requires an inmate to (1) file an informal complaint within five days from the date of the incident, (2) file a formal grievance using the Inmate Grievance Form within 20 days of the incident if the informal complaint does not resolve the issue, and (3) appeal the Warden's decision to the Office of the Secretary of Corrections within seven days of receiving the Warden's decision.  Mr. Flores alleges that he completed the first step of the grievance procedure but was unable to pursue his administrative remedies further because he was placed in segregation and was denied access to

---

[1]Mr. Flores also argues that the district court erred in ruling that his complaint was moot.  But the district court did not hold that Mr. Flores's complaint was moot, and Defendants do not argue to the contrary.  Hence, we need not address this issue.

grievance forms during the 20-day time period within which he had to file his formal grievance.[2]

The district court's opinion persuasively explains the propriety of its dismissal of Mr. Flores's complaint and its denial of his motion to amend. We therefore AFFIRM the judgment below. We GRANT Mr. Flores's motion to proceed *in forma pauperis* on appeal. We remind him of his obligation to continue making partial payments until the entire filing fee has been paid.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge

---

[2]On appeal Mr. Flores for the first time contends that he was in segregation for all of the 20-day period. We will not consider an issue that was not raised before the district court. *See Walker v. Mather (In re Walker)*, 959 F.2d 894, 896 (10th Cir. 1992).