**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JAMES KEVIN RUPPERT,

　　　　Plaintiff – Appellant,

v.

PHIL ARAGON, Captain, Guadalupe
County Correctional Facility,

　　　　Defendant – Appellee,

and

ERASMO BRAVO, Warden; J.
TORELLO, Job Coordinator; RODGERS,
Ms., Lieutenant, Grievance Officer,
Disciplinary Officer; JUSTIN RODGERS,
Mr., Lieutenant, Grievance Officer;
Disciplinary Officer; KAREN
JARAMILLO, Ms., Education Director;
designated staff for legal assistance,

　　　　Defendants.

No. 11-2144
(D.C. No. 1:09-CV-00138-MV-LFG)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

---

　[*] The parties have waived oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R.
34.1(G). This case is submitted for decision on the briefs.

　This order and judgment is an unpublished decision, not binding precedent. 10th
Cir. R. 32.1(A). Citation to unpublished decisions is not prohibited. Fed. R. App. 32.1.
It is appropriate as it relates to law of the case, issue preclusion and claim preclusion.
Unpublished decisions may also be cited for their persuasive value. 10th Cir. R. 32.1(A).
Citation to an order and judgment must be accompanied by an appropriate parenthetical
notation – (unpublished). *Id.*

Before **O'BRIEN**, **McKAY**, and **TYMKOVICH**, Circuit Judges.

James Ruppert appeals from a summary judgment in favor of Phil Aragon, a captain at the New Mexico Department of Corrections prison where Ruppert is incarcerated. Ruppert claims Aragon threatened to punish him for filing a lawsuit, a violation of his First Amendment rights to file grievances. Following review of the administrative record, the district court concluded Ruppert had not exhausted available remedies as required by the Prison Litigation Reform Act (PLRA) and dismissed the suit without prejudice. We affirm.

Ruppert had initially filed a more extensive suit, with a long list of defendants and constitutional claims. After screening under 28 U.S.C. § 1915, however, he was left with only his retaliation claim, which had earlier been dismissed without prejudice, thereby permitting him to further develop his pleadings. Ruppert filed an amended complaint alleging, as relevant here, that Aragon threatened to place him in administrative segregation if he were to file a lawsuit against prison officials. Aragon was served with process and ordered to submit a *Martinez* report documenting Ruppert's exhaustion efforts. *See Martinez v. Aaron*, 570 F.2d 317, 319 (10th Cir. 1978). He did so, with a request that the report be treated as a motion for summary judgment on exhaustion grounds

After reviewing the *Martinez* report and Ruppert's response, the magistrate judge recommended summary judgment be entered for Aragon because Ruppert had failed to exhaust his administrative remedies. The magistrate identified two separate claims in

- 2 -

Ruppert's amended complaint, one arising from an incident in 2008, a second from an incident in 2009. The first claim was a clear loser: Ruppert failed to file a grievance, foreclosing any possibility of judicial relief. The second claim presented a closer issue but in the end fared no better because, contrary to the PLRA's exhaustion rules, Ruppert brought his federal suit before the prison had finished its review of the 2009 incident. It mattered not, the magistrate explained, that the administrative review process had been completed by the time the case was ripe for decision. What mattered was that the process was incomplete when Ruppert filed suit. Since the PLRA makes exhaustion a precondition to *filing* a suit, an action brought before administrative remedies are exhausted must be dismissed without regard to concern for judicial efficiency. *See* 42 U.S.C. § 1997e(a); *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002); *Perez v. Wisconsin Dep't of Corrections*, 182 F.3d 532, 534-35 (7th Cir. 1999); *Alexander v. Hawk*, 159 F.3d 1321, 1327-28 (11th Cir. 1998); *see also McNeil v. United States*, 508 U.S. 106, 113 (1993) (interpreting similar exhaustion provision in the Federal Tort Claims Act); *Duplan v. Harper*, 188 F.3d 1195, 1199 (10th Cir. 1999).

Ruppert also sought leave to again amend his complaint to add Eighth Amendment claims against several prison officials based on an incident that occurred while the suit was pending before the district court. Acknowledging that leave to amend should be freely granted, the magistrate nonetheless denied the request because the claim had arisen more than a year after Ruppert filed his lawsuit and from events unrelated to those described in the original complaint.

Over Ruppert's objection, the district court adopted the magistrate's

recommendation to deny leave to amend the complaint and to dismiss his remaining claims without prejudice. The court concluded the magistrate had properly applied the exhaustion rules in § 1997e(a) and had not abused his discretion in denying Ruppert an opportunity to add the unrelated claims.

After reviewing the record, we conclude the district court's decision was correct.

AFFIRMED.

Entered by the Court:

Terrence L. O'Brien
United States Circuit Judge

- 4 -