**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Bruce A. BOWER, Defendant–**
**Appellant.**

**No. 01–4268.**

United States Court of Appeals,
Seventh Circuit.

Submitted June 20, 2002.

Decided June 20, 2002.

Before WOOD, Jr., COFFEY, and ROVNER, Circuit Judges.

### ORDER

Bruce Bower pleaded guilty to manufacturing methamphetamine, a schedule II controlled substance, 21 U.S.C. § 841(a)(1), (b)(1)(C), and was sentenced to 108 months' imprisonment. Bower appeals, but his counsel, unable to identify a non-frivolous ground for appeal, has moved to withdraw. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). We invited Bower to respond to counsel's motion, *see* Cir. R. 51(b), but he declined. Because counsel's brief is facially adequate, we limit our review of the record to the potential issues he discusses. *United States v. Tabb*, 125 F.3d 583, 584 (7th Cir.1997).

■ Counsel first examines whether Bower could challenge his guilty plea because the government prosecuted him by information rather than indictment. We agree with counsel that such an argument would be frivolous because Bower waived his right to be prosecuted by indictment. *See* Fed.R.Crim.P. 7(b); *United States v. Mezzanatto*, 513 U.S. 196, 202, 115 S.Ct. 797, 130 L.Ed.2d 697 (1995) (recognizing right to waive indictment); *United States v. Jones*, 177 F.2d 476, 478 (7th Cir.1949) (same). Because the district judge advised Bower of the charge against him and fully explained his right to insist that the government allow a Grand Jury to decide whether to return an indictment, Bower's waiver of indictment in open court was valid and an appeal on this issue would be frivolous.

Counsel next considers whether Bower could argue that his guilty plea was not knowing or voluntary, but counsel concludes that such an argument would be frivolous because the district court complied with Federal Rule of Criminal Procedure 11. We agree that Bower's plea colloquy reveals no errors, and moreover, nothing we have seen suggests that Bower wants to withdraw his plea. *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir.2002). Accordingly, an appeal based on the validity of Bower's plea would be frivolous.

■ Finally, counsel considers two potential sentencing challenges, but concludes that any claim of error would be frivolous. First, counsel observes that the district court relied on evidence bearing sufficient indicia of reliability to calculate the drug quantity attributable to Bower.

*See United States v. Morrison,* 207 F.3d 962, 967 (7th Cir.2000). Thus, Bower could not argue that the district court committed clear error in finding that the materials found in his home might have produced 39.2 grams of methamphetamine. *See United States v. Martin,* 287 F.3d 609, 616 (7th Cir.2002). Bower also cannot legitimately assert that the district court committed clear error by increasing his base offense level by two levels because police found a gun in the house where he manufactured methamphetamine. *See* U.S.S.G. § 2D1.1(b)(1); *United States v. Cain,* 155 F.3d 840, 843 (7th Cir.1998). Because drug manufacturing equipment was found in proximity to the gun, it could not be "clearly improbable" that the weapon was connected to Bower's drug offense. *See* § 2D1.1, comment. (n.3); *United States v. Pigee,* 197 F.3d 879, 892 (7th Cir.1999); *Cain,* 155 F.3d at 843.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.